## SAMUEL W. HYMAN *v.* SEAMAN, PECK & CO.

1. FORTHCOMING BONDS.—Every presumption will be indulged to support a forthcoming bond after its forfeiture, and it will be presumed that it was sufficiently explained to the court when it bears a wrong date.

2. JUDGMENT: FORTHCOMING BOND.—The return of a bond with an execution is prima facie evidence of forfeiture, and a sufficient foundation for the judgment of forfeiture, although no return of forfeiture is indorsed upon the bond or the execution.

3. SURETY: EXECUTION.—The provisions of the Statute, Hutch. Code, 853, forbidding the levy of an execution upon the property of surety, without an affidavit of the insolvency of the principal in the execution, were intended for the benefit of a surety and those claiming under him, but have no application to a stranger who claims title, not under the surety but adversely to him.

IN error from the Circuit Court of Attala county. Hon. E. G. Handy, judge.

The defendants in error, Seaman, Peck & Co., recovered a judgment in the Circuit Court of Attala county against Archibald Hyman and R. S. Cooke, upon which judgment an execution was issued and levied upon the property of Archibald Hyman. A bond was given for the forthcoming of the property, according to the statute, by Archibald Hyman, and N. S. Hyman as security. The bond is dated the 19th day of August, 1856, and is conditioned to have the property levied upon at the court-house door, &c., on the 4th day of August, 1856. The bond and execution were returned into the clerk's office without any entry on either of them of the forfeiture of the bond. An execution was issued to enforce the statutory-judgment upon the bond, and levied upon a mule, as the property of N. S. Hyman, but which was claimed by the plaintiff in error, Samuel W. Hyman, and an issue joined to try the right of property. The evidence showed that Samuel W. Hyman purchased the mule of N. S. Hyman in October, 1856. It was also proved that no affidavit had been made by the defendants in error, "that the principal or principals has no property in this State out of which the plaintiff's money could be made."

*J. Niles,* for plaintiffs in error.

*James A. Groves,* for defendant.

HANDY, J., delivered the opinion of the court.

The first ground of error insisted upon, and which it is necessary to notice, is that the forthcoming bond, on which the execution involved in the case issued, was void, because it bears date on the 19th August, 1856, and stipulates for the delivery of the property to the sheriff on the 4th day of the same month, which was impossible. No objection was made at the proper time in the court below to quash the bond, and after its forfeiture, any presumption will be indulged to support it; and hence it will be presumed that it was sufficiently explained to the court that the bond bore a wrong date.

Again, it is objected that there is no return of forfeiture indorsed

by the sheriff either on the bond or on the execution, and there-fore, that no judgment of forfeiture is shown. But it is held that the non-return of the bond with the execution is prima facie evi-dence of forfeiture, and a sufficient foundation for the judgment of forfeiture; for, if it was not forfeited, the presumption is that it would be delivered up to the obligors. *Barker* v. *Planters' Bank*, 5 How. Miss. 566; *Talbot* v. *Walton*, 9 S. & M. 24.

Another objection urged in behalf of the plaintiff in error is, that the execution was levied upon the property of the surety, without an affidavit of the insolvency of the principal in the exe-cution; and therefore, that the levy was illegal under the 6th, 7th, and 10th sections of the Statute of 1837. Hutch. Dig. 853.

These provisions of the statute are intended for the benefit and protection of the surety, or those claiming under him, and whose rights might be affected by the execution. But they have no ap-plication to a stranger, who claims title, not under the surety, but adversely to him, and in opposition to him, although the execution might be properly issued and levied upon the property of the surety. The plaintiff in error, therefore, had no right to make this objection.

Judgment affirmed.