IRVIN and others, Respondents, vs. SMITH, Appellant.

*February 2 — May 15, 1886.*

*Replevin: Return of property: Judgment: Recalling execution: Conclusiveness of sheriff's return.*

1. Where the defendant in replevin had judgment for the return of the property (which had been taken by the plaintiffs) or, if a return could not be had, for its value, and an execution has been issued, the plaintiffs cannot have a judgment recalling the execution and declaring such former judgment satisfied, except upon satisfactory proof and a finding that such judgment has been fully satisfied by a return of all the property to the defendant, or that they offered to return the same to him personally; and if such tender was made before the execution issued, it must have been kept good.

2. Where in such a case the sheriff had levied upon land of the plaintiffs, and, in the published notice of the sale thereof under the execution, stated that a return of the personal property could not be had, it is *held* that such statement was equivalent to a return of that fact on the execution and could not be contradicted on a motion to recall the execution and to have the judgment declared satisfied.

APPEAL from the Circuit Court for *Door* County.

The facts are stated in the opinion.

For the appellant there were briefs by *O. E. & Y. V. Dreutzer* and *J. J. Tracy*, and oral argument by *Mr. Tracy*.

For the respondents the cause was submitted on the brief of *W. H. Timlin*. To the point that this proceeding in the nature of *audita querela* was the proper remedy, he cited *McDonald v. Falvey*, 18 Wis. 571; *Spafford v. Janesville*, 15 id. 475; *Cooley v. Gregory*, 16 id. 303; *Brooks v. Hunt*, 17 Johns. 484; Freeman on Judgments, sec. 95; 5 Wait's Pr. 638.

The following opinion was filed February 23, 1886:.

ORTON, J. Some time before September, 1884, the respondents had brought an action of replevin against the appellant to recover the possession of certain cedar posts,

telegraph poles, and railroad ties, then lying in a slough at the head of North bay, and in a creek leading into said bay, in the county of Door, and said property was taken on the writ, and delivered by the sheriff to the said respondents. The judgment in said action, rendered on the 27th day of September, 1884, was that the plaintiffs therein return said property to the defendant therein, or, if return thereof cannot be had, for the value thereof. Execution on said judgment was issued to the sheriff of said county on the 25th day of November, 1884, in the usual form, in substance commanding him to take from the said plaintiffs said property, and the whole thereof, and deliver the same to the said defendant, or, if delivery thereof cannot be had, to satisfy the judgment for the value thereof out of the property of the said plaintiffs. It appears by a return of the sheriff, on or with such execution, that he could not find the personal property described therein, and that a return of said property could not be had, and that he had therefore levied on certain lands of the said plaintiffs, or the interest, right, or title of the said plaintiffs therein, to satisfy said judgment. Notice for the sale of the same was published, to take place on the 20th day of March, 1885.

On the 3d day of February, 1885, the said respondents, on certain affidavits and on said records, procured from a court commissioner an order upon the said appellant to show cause before the circuit court "why he should not accept, and have in satisfaction of said judgment, a return and delivery of certain posts, ties, and poles," as they were then piled on the banks of the slough at or near the head of North bay, and on the creek which runs into North bay, and why said execution should not be recalled and said judgment ordered satisfied. On the return day of said order to show cause the circuit court made up and awarded the following issues to be tried upon said order: "(a) Are the ties, cedar posts, and telegraph poles mentioned in the

order the same, or a portion of the same, ties, cedar posts, and telegraph poles seized by the sheriff under the writ of replevin in this cause? and (b) What portion, if any, of the ties, posts, and telegraph poles, or either, mentioned in said order to show cause, are the same, or a portion of the same, mass of such property seized by the sheriff upon the writ of replevin herein?" The counsel of both parties consented that the court should make up issues in the case, and that they be referred to one James B. Carr, Esq., to take the testimony thereon.

On the report by the referee of such testimony, and on final hearing of said order to show cause, the circuit court made and filed the following findings of fact: "That of the railroad ties, cedar posts, and telegraph poles mentioned in the order to show cause herein, 2,237 railroad ties, 4,585 cedar posts, and 20 telegraph poles are the same seized by the sheriff under the writ of replevin herein;" but this finding was not made or filed until after the following order was made, or judgment rendered: "It is ordered and adjudged that the execution mentioned herein be, and the same hereby is, recalled and set aside; and the said judgment herein, in favor of the defendant and against the plaintiffs for the return of the property therein described, or for its value as therein stated in case a return thereof could not be had, be, and the same hereby is, satisfied, and that the plaintiffs recover of the defendant, *John Smith*, their costs and disbursements herein, taxed and allowed at one hundred and seventeen dollars and eighty-nine cents, and that the plaintiffs have execution therefor." Due exceptions were taken to the said findings and to said order or judgment by the appellant.

If, by this proceeding, it was sought to prove that the judgment for the return of the property to the defendant had been satisfied, either by its return or an offer to return the identical property taken by the writ and the whole of

it, the practice adopted is directly sanctioned by the decisions of this court cited by the learned counsel of the respondents, and provided for in sec. 2911, R. S. But the record in this case does not show any such issue. We cannot look behind the rule to show cause, which is the groundwork of this proceeding, for any matter of complaint against the defendant, or for any relief demanded by the plaintiffs. The rule to show cause, treated as a motion, is, in effect, that the defendant "should accept and have in satisfaction of said judgment a return and delivery of certain posts, ties, and poles as they were then [at the date of the rule] piled near the slough at or near the head of North bay, and on the creek which runs into North bay." This is the only ground for the further motion, implied by the rule, to recall the execution and to order the judgment satisfied. The issue awarded is pertinent to this motion, and that is, Are the ties, posts, and poles mentioned in the motion the same, or a portion of the same, ties, posts, and poles seized by the sheriff under the writ of replevin, and what portion of them are the same? etc. The finding is pertinent to the issue, and is, *that of* the ties, posts, and poles mentioned in the motion, a certain number of them are the same as were seized under the writ of replevin. On these proceedings alone, judgment is rendered recalling the execution and satisfying the judgment for a return of the property seized under the writ and the whole of it. Such a judgment could only follow after satisfactory proof and a finding that the judgment was satisfied by a return of all the property seized under the writ and awarded to the defendant, to him, or an offer to make such return to him personally, and this was not the question in the rule to show cause, or in the issues made, or in the finding.

It is said in the brief of the learned counsel of the respondents that there was no question as to whether any such offer to return the property to the defendant was

made. That is the very trouble with the record. That should have been the question, but was not. That question was not litigated or determined. The rule to show cause was why the defendant should not accept said property *then*, over two months after the execution was issued and in the hands of the sheriff; and the issue made up was as to the identity of some of the property, in a certain place (and not the place where it was seized under the writ), *at that date*, and the finding is *that some* of the property is the same.

It can readily be seen that the whole matter of inquiry and adjudication was foreign to the real question in such a proceeding; and the judgment finally rendered was not warranted by the proceedings, and cannot be supported by them. If there had been no execution issued, the finding would not have warranted the judgment, (1) because not all of the property was found or identified, and (2) there was no offer to return what there was of it even at that late day. The defendant could only be liable for refusal to accept the identical property tendered to him before the execution was issued. After that, the matter was with the sheriff. *First*, then, the judgment must be reversed because there was a mistrial of the real issue; *second*, because the rule to show cause, the issue, and the findings do not warrant such a judgment; and, *third*, because the proceedings relate to the property, or a portion of it, long after the execution had been placed in the hands of the sheriff, and the return of the property should have been made to him in satisfaction of the same (or a portion thereof, if he would be authorized to receive such portion), and it does not appear that any offer to return the same either to him or to the defendant, since said execution issued, was ever made.

The execution, as well as the judgment, was in the alternative, either to obtain a return of the identical property taken under the writ, or to make the value found out of the

property of the plaintiffs. It would seem that the sheriff
himself must know whether the execution was satisfied by
the return of the property, so as to determine his future
action under the execution by a levy on other property. If,
as now claimed (but which does not appear as an issue in
the proceedings), the property was offered or tendered to
the defendant before the execution issued, then there was
no occasion or right to issue it, and such a proceeding then,
by due diligence, might have prevented its issue on proof
of such fact. But the plaintiffs have seen fit to allow the
execution to go into the hands of the sheriff without objec-
tion, and it would seem that they must now treat with him.
But, again, the tender, if made to the defendant personally,
before the issue of the execution, must have been kept
good, so that when the sheriff was seeking to find the prop-
erty it could have been turned over to him in satisfaction
of the execution. It was not shown that this was done,
and there was no such issue.

The only question now is whether the sheriff is bound, as
the result of these proceedings, to accept a return of the
property, which was merely identified as being in a particu-
lar place, by the finding of the court, *at such a time.* This
leads to the main and ruling question apparent upon the
face of these proceedings. There appears, in these pro-
ceedings, the notice of sale of other property of the plaint-
iffs levied upon by the sheriff, and which is presumed to
have been based upon the proper order, and which had been
published in the *Door County Advocate,* a weekly news-
paper, signed by the sheriff, and which is now a record in
said cause. At the head of said paper there is a written
entry as follows: " The sheriff could not find the property
described in the execution,—levied upon the property of
the plaintiffs to satisfy said execution,— caused the follow-
ing notice to be published, to wit." It is claimed that this
entry was not in evidence and was stricken from the bill of

exceptions. Whether this was so we need not inquire, for there is, in the body of the notice, this fact, by recitation and preamble: "Now, therefore, *whereas a return of said personal property cannot be had,* and to satisfy the judgment in the aforesaid entitled action I have seized all the right and title which the said plaintiff had, on the 27th day of September, 1884, of, in, and to the following described premises," etc.; and then follows the description of a large amount of real estate. The execution itself does not appear in the record. But this is the solemn official entry and return by the sheriff of the important fact that a return of the property taken under the writ of replevin could not be had, or, substantially, that said property could not be found. This is an entry or return that must appear in order to justify the sheriff in levying on other property and publishing notice of its sale, and must always remain of record as a condition precedent to and to authorize such levy, and such levy would be void on the face of the record without it.

Now the question is, Is not this return of the sheriff *conclusive* upon the parties and privies to the action on the very question at issue in these proceedings? To warrant the judgment recalling the execution and ordering the judgment satisfied, the defendant and the sheriff must now accept certain ties, posts, and poles, in a certain place, as being the identical property seized under the writ, and the whole of it, in contradiction and impeachment of the return of the sheriff that a return of the property could not be had, or that he could not find it. That such return of the sheriff is conclusive is in no doubt by the authorities. The sheriff himself even cannot falsify and impeach his own return of *nulla bona* on an execution. If false, the party injured has his remedy by action against the sheriff. *Eastman v. Bennett,* 6 Wis. 232. In replevin, where the judgment is for the return of the property.

to the defendant, the return of the sheriff that the property could not be found is conclusive, and justifies a suit on the plaintiff's bond. *Parker v. Simonds*, 8 Met. 205. Such return is conclusive upon parties and privies. *Phillips v. Elwell*, 14 Ohio St. 240. In replevin, the return of the officer that he had " executed " the writ is conclusive evidence that the property had been taken on the writ and delivered to the plaintiff, and evidence to the contrary was not allowed. *Stephens v. Frazier*, 2 B. Mon. 250. In debt on a replevin bond, it was not competent to show that the goods had been tendered to the plaintiff, and therefore that the condition of the bond had been performed, in contradiction of the sheriff's return that they had not. *Phillips v. Hyde*, 1 Dall. 462. The officer's return of "no property" or "no goods and chattels," etc., or of an execution unsatisfied, cannot be impeached in the course of ulterior proceedings based thereon, either in chancery or elsewhere. Gwynne on Sheriffs, 474, and cases cited in note 9; Crocker on Sheriffs, 191; Hilliard on Remedies for Torts, 391.

This general doctrine is elementary, and its application to this case is clearly correct. The sheriff has levied upon other property of the plaintiffs, on the ground, as he returns and officially declares upon the record, that the property replevied could not be found, or its return could not be had. In such a case, the sheriff alone is responsible for his official action. This proceeding is for the purpose of showing that the sheriff *could* find the property, and that its return *could* be had, in contradiction of his return that it *could not*.

This disposition of the case renders it unnecessary to inquire into the merits of the issue tried and determined, or to look into the evidence. But we might suggest that where the property consisted of poles, posts, and ties, unmarked, and, when seized, was confined together in a slough by booms, and its identity could be known to the

sheriff only by its being so kept together in the same place, and it is afterwards removed from such place and scattered upon the banks by the plaintiffs, its identification with any certainty would seem to be nearly if not quite impossible; and it seems somewhat harsh that the defendant should suffer the loss of the value of the property adjudged to him, and his judgment be discharged, and pay a large bill of costs, because neither he nor the sheriff was able to identify these ties, posts, and poles as his property, scattered or piled as they were on the banks of North bay, without any possible means of identification, and the finding of the court was that only part of the same were at that place.

*By the Court.*— The judgment of the circuit court is reversed.

Upon a motion for a rehearing counsel for the respondents contended, *inter alia,* that the notice of sale of lands is not a return to a writ. The rule which makes the officer liable for a false return depends upon that which makes his return conclusive, and one supplements the other. The return is conclusive only in cases where an action for false return will lie. *Gyfford v. Woodgate,* 11 East, 299; Freeman on Executions, sec. 365, and cases cited. A return must be in writing. *Shover v. Funk,* 5 Watts & S. 457; *Purrington v. Loring,* 7 Mass. 388; *Wilson v. Loring,* id. 392. It must be signed by the sheriff. *Sheppard v. Hill's Adm'r,* 5 Ark. 308; *Bennett v. Vinyard,* 34 Mo. 216; *Stevens v. Bachelder,* 28 Me. 218; *Watson v. Bondurant,* 21 Wall. 123. It is no return until it is filed in court. *State v. Melton,* 8 Mo. 417; *Nelson v. Cook,* 19 Ill. 440; *Welsh v. Joy,* 13 Pick. 477; Freeman on Executions, secs. 363–4; Herman on Executions, sec. 323, notes 3–6. It must be on or attached to the writ. *Dickson v. Peppers,* 7 Ired. Law, 429. No return of any officer is conclusive upon a party in a proceeding to have the execution recalled or the judgment sat-

isfied or to quash or contradict a return. And no statement of the officer, even if made upon or attached to a writ and signed by the officer, is conclusive upon anybody while the execution remains in the hands of the officer, before its return into court, and while the officer is at liberty to change it. The alternative execution in this case is analogous to the execution on a judgment against principal and surety as provided by statute in some states, under which the sheriff is to collect from the principal if he can, and if he cannot then from the property of the surety. In such cases if the principal has property, but the sheriff determines that he has not and levies on the property of the surety, the latter may by motion compel the release of the levy by showing that the principal has sufficient property available for the satisfaction of the writ. *Moss v. Agricultural Bank*, 4 Smedes & M. 726; *Doe v. Pritchard*, 11 id. 327; *Hyman v. Seaman*, 33 Miss. 185. It is also analogous to the ordinary writs requiring the officer to levy on personal property first. In such cases the determination of the officer that the debtor has no personal property is not conclusive, but upon motion his levy upon real estate may be vacated by showing that there is sufficient personal property. Freeman on Executions, sec. 279; *Pitts v. Magie*, 24 Ill. 610; *Bryan v. Bridge*, 6 Tex. 137; Herman on Executions, sec. 169.

The motion was denied May 15, 1886, and the following opinion was filed:

ORTON, J. The court can see no good reason for a reconsideration of the decision, and have therefore overruled the motion for a rehearing. It has been suggested, however, that perhaps the decision as to the conclusiveness of the statement in the notice of sale by the sheriff, that " a return of said personal property [described in the writ] cannot be had," ought to be limited to the proceeding on the motion

or rule. to show cause. One object of the motion was to have the execution recalled. The condition of things, and what had been done under the execution when the motion was made, were directly involved in it. The sheriff had levied on the lands of the plaintiff to make the value of such unreturned property, and had published notice of sale. In this notice is his official statement, as the reason and ground of such levy, that a return of said property could not be had. That notice was of record and evidence on the motion. The plaintiff sought to show that a return of said property *could have been had*, and that, therefore, there was no ground or necessity for such levy by the sheriff. This would be contradictory to his official statement in writing and of record, which was held equivalent to his return of such fact on the execution as his justification for the levy. It was held that on this motion this statement or return of the sheriff was conclusive of such fact, and could not be contradicted in this collateral manner. It was not intended to decide that such statement could never be changed or amended in a proper proceeding. The decision was based upon what appeared upon the motion, and is limited to the motion. It was suggested, perhaps, that if that statement or return was false, the remedy was against the sheriff for a false return, but it was not intended to limit the plaintiff to that remedy. If the legal effect of such return can be avoided in any other way, that way is open to the plaintiff, notwithstanding the decision of the motion. But so far as the motion is concerned, it must be held conclusive, as stated in the opinion.