## WALKER *et al. v.* CRONKITE *et al.*

*(Circuit Court, D. Kansas.* October 28, 1889.)

**1. JUDGMENT—COLLATERAL ATTACK.**
Where land has been sold on execution under a domestic judgment the judgment debtor cannot, in a collateral proceeding, and against a *bona fide* purchaser, seek to impeach the sheriff's return of service of summons in the original action and the recitations of the judgment.

**2. SAME—LIMITATION OF ACTIONS.**
Under Code Civil Proc. Kan. § 16, subd. 1, which provides that a suit for the recovery of land sold under execution must be brought by the execution debtor within

five years after the recording of the deed, an execution debtor cannot collaterally attack the validity of a sale ten years after the deed was recorded, where the record shows jurisdiction of the person and the subject-matter.

At Law. Action of ejectment.

*J. A. Smith* and *Johnson, Martin & Keeler*, for plaintiffs.

*Kellogg & Sedgwick* and *C. N. Sterry*, for defendants.

FOSTER, J. The plaintiffs bring their action of ejectment against said defendants to recover certain real estate situate in Lyon county. The plaintiff Walker claims in his petition that he is the owner, and entitled to the possession of said land. This the defendants deny, and allege that in the month of September, 1875, one A. S. Kimball recovered a judgment in the district court of said Lyon county, Kan., wherein said Thaddeus H. Walker and others were defendants, and wherein it was considered and adjudged by said court that said Kimball and others (defendants in said suit) had recovered judgments against said Walker in several different counties of this state at different times and for different amounts. That said several judgment creditors had filed copies of their judgments in Lyon county, and some of said creditors had levied execution on the lands of said Walker in said county; and the court then declared said judgments to be valid liens on said real estate,—the land in controversy, with others,—and adjudicated and settled the priorities of the said several judgments, said Kimball's judgment being first, and ordered a sale of said real estate in satisfaction of said judgments in the order of their priority. Defendant further avers that said Thaddeus H. Walker was a party defendant to said proceedings; that he was duly served with the process of the court, and is bound by said record. By reference to the proceedings in that case, it appears from the return of the sheriff of Shawnee county that he served the said summons on said defendant Thaddeus H. Walker by leaving a true copy thereof, with all the indorsements thereon, at the usual place of residence of said defendant Walker. In the judgment it is recited that the court finds "that said Thaddeus H. Walker was duly served with a summons in said cause on the 2d day of March, A. D. 1875, by the sheriff of Shawnee county, Kan., by leaving a copy thereof at his usual place of residence in said county." The defendant further alleges that in pursuance of said judgment an order of sale of said land was duly issued to the sheriff of Lyon county, who, after appraising and advertising the same according to law, sold the same to said A. S. Kimball, at public auction, he being the highest bidder therefor, which sale was duly confirmed by the court, and a sheriff's deed made to said Kimball, July 24, 1877, and the same was duly recorded in the office of the register of deeds in said county on the 26th day of July, 1877. That this defendant holds title to said land through several intermediate conveyances from said A. S. Kimball. Defendant, for further defense, invokes the statute of limitations. To this answer the plaintiff makes reply, denying that he was ever served with summons in said case, or that he had any place of residence in said state, and avers that he had no notice of said suit until after judgment

had been rendered. He makes several other objections to said judgment, all of which have heretofore been considered and adjudicated by this court. To this reply the defendant files a demurrer.

There are two questions presented: (1) Can Thaddeus H. Walker, in a collateral proceeding, and against a *bona fide* purchaser of said real estate under said judgment, be heard to contradict and impeach the sheriff's return, and the recitations of said judgment? (2) Is he barred by the five-years statute of limitation? Section 16, Code Civil Proc.

It is an elemental rule of law that a personal judgment, rendered without jurisdiction of the person is void, and it has been held that in an action on a foreign judgment the defendant may deny jurisdiction of the court over the person, although such defense impeached the truth of the record. *D'Arcy* v. *Ketchum*, 11 How. 165; *Amsbaugh* v. *Bank*, 33 Kan. 101, 5 Pac. Rep. 584; *Borden* v. *Fitch*, 15 Johns. 139; *Crepps* v. *Durden*, 1 Smith, Lead. Cas. 844. The question at issue here is quite a different one. Here is the record of a domestic judgment, showing service of summons on the defendant. Under that judgment, and in pursuance of its decree, real estate has been sold under the forms of law, and title passed through several parties, relying on the verity of the record, and the adjudication of a court of general jurisdiction. Can it be that the defendant to such a record may treat it as an absolute nullity, and falsify it by extrinsic evidence, when it is invoked by the purchaser in a collateral proceeding in defense of his title? If so, the stability of titles to realty, based on judicial sales, has but little foundation to rest upon. My attention has been called by defendant's counsel to many cases holding that this record cannot be thus contradicted. *Ferguson* v. *Crawford*, 70 N. Y. 253; *Grignon's Lessee* v. *Astor*, 2 How. 319; *Crepps* v. *Durden*, 1 Smith, Lead. Cas. 823, 842, and authorities cited. Also a late case (May 16, 1889) in the court of appeals of Kentucky, (*Thomas* v. *Ireland*, 11 S. W. Rep. 653,) is very much in point. Again, it is urged by defendants with some force of reason, that the judgment in question was, so far as Walker was concerned, a proceeding *in rem*, to which he was not a necessary party. But, supposing it is true, as claimed by plaintiff, that he may contradict this record by extrinsic evidence in a collateral proceeding, what logical reason can be given why the legislature of the state cannot say, in the interest of repose of titles, that his right to do so shall be limited to five years after recording the deed on a sale made under the judgment? If the record was silent, or showed on its face a want of jurisdiction, the argument of plaintiff's counsel against the application of the statute would have greater force. The statute reads as follows:

"Sec. 16. Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter.

"(1) An action for the recovery of real property sold on execution, brought by the execution debtor, his heirs, or any person claiming under him by title acquired after the date of the judgment, within five years after the date of the recording of the deed made in pursuance of the sale."

In my opinion this case comes clearly within the terms and intent of this statute. The record shows jurisdiction of the person and subject-matter. The sale was made according to law, and the sheriff's deed was made and recorded more than 10 years before this suit was commenced, and the execution debtor now comes too late to question its validity. The following authorities abundantly sustain this conclusion: *Vancleave* v. *Milliken*, 13 Ind. 105; *Brown* v. *Maher*, 68 Ind. 14; *Harlan* v. *Peck*, 33 Cal. 515; *Cunningham* v. *Ashley*, 45 Cal. 485; *Pillow* v. *Roberts*, 13 How. 472; *Meeks* v. *Olpherts*, 100 U. S. 564; *Holmes* v. *Beal*, 9 Cush. 223; *Scott* v. *Hickox*, 7 Ohio St. 90; *Cheesebrough* v. *Parker*, 25 Kan. 566; *Young* v. *Walker*, 26 Kan. 242.

The argument that plaintiff is deprived of his property without having his day in court has no force, for it is the very essence of all statutes of limitation that the party shall lose his rights, and his property, unless he shall assert those rights within a certain fixed time. Nor does it relieve the case from the statute because the plaintiff asserts that the judgment is void for want of jurisdiction. The property was sold on execution, on a judgment legal on its face; and the debtor is barred from asserting or showing by evidence *aliunde* that the judgment is void or voidable after the period fixed by the statute. The authorities before cited fully discuss this question, and hold that the statute protects sales under judgments, whether void or voidable. The demurrer to plaintiff's reply must be sustained.