THE BANK OF EAU CLAIRE, Appellee, *vs.* WILLIAM S. REED, Appellant.

*Opinion filed February 20, 1908.*

1. SCIRE FACIAS—*the defenses available on scire facias to revive a judgment.* The only question to be determined in a proceeding by *scire facias* to revive a judgment is whether the plaintiff has a right, as against the defendant, to have the judgment executed; and the defenses available are, that there is no such judgment record, or that the judgment has been paid or released, or there has been an accord and satisfaction.

2. SAME—*defendant cannot contradict the record as to jurisdiction.* Under a plea of *nul tiel* record in a proceeding by *scire facias* to revive a judgment the defendant may show the judgment to be void for want of jurisdiction, if that fact appears from an inspection of the record, but he cannot collaterally attack the judgment by denying service of process as against a record showing valid service.

3. SAME—*when defendant is not entitled to a jury trial.* In a proceeding by *scire facias* to revive a judgment the defendant may plead matters in discharge of the judgment which raise an issue of fact outside of the record upon which he is entitled to a trial by jury, but he is not entitled to a jury trial under a plea of *nul tiel* record which raises but the one question whether there is such record as is set out in the writ.

4. SAME—*record may be admitted without proof that it is the record of the court.* Upon *scire facias* to revive a judgment the

court will take judicial notice of its own records, and may admit the record of the judgment in evidence without proof that it is the record of the court.

5. SAME—*when a judgment is not in improper form.* A judgment in a *scire facias* proceeding to revive a judgment, which provides that the original judgment be revived and stand in full force and that the plaintiff have execution against the defendant for said judgment, together with the plaintiff's costs, is in proper form, as the material part of the judgment in such a proceeding is that the plaintiff have execution of the judgment described in the writ.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. W. PINCKNEY, Judge, presiding.

CHARLES F. DAVIES, and SOL ROSENBLATT, for appellant.

ISHAM, LINCOLN & BEALE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A writ of *scire facias* was issued out of the office of the clerk of the circuit court of Cook county to revive a judgment entered by that court on April 30, 1894, in favor of Bank of Eau Claire, appellee, against William S. Reed, appellant, for $1162.08 and costs. The defendant filed three pleas: First, *nul tiel* record; second, that the court had no jurisdiction over him to enter the judgment, and that said judgment was therefore void; third, that he was never served with process in the action in which the judgment was rendered and that the return of service of process therein was untrue, wherefore the judgment was null and void. The plaintiff joined issue on the first and second pleas and demurred to the third. The court sustained the demurrer and the defendant elected to stand by the plea. The cause came on for trial and the defendant demanded a trial by

jury, which was denied, and he excepted to the denial. The court found the issues for the plaintiff and entered a judgment of revivor, which has been affirmed on appeal by the Branch Appellate Court for the First District.

It is first contended that the trial court erred in sustaining the demurrer to the third plea, which admitted that the record in the suit showed service of process upon the defendant but alleged that the return of such service was untrue. The question raised by the demurrer was whether defendant could contradict the record by evidence *aliunde* that he was not, in fact, served with process. The only question to be determined in a proceeding by *scire facias* to revive a judgment is whether the plaintiff has a right, as against the defendant, to have the judgment executed. That rule was stated in *Smith* v. *Stevens,* 133 Ill. 183, and in connection with the rule the court quoted from *Dowling* v. *McGregor,* 91 Pa. St. 410, as follows: "The only defense in the trial of the *scire facias* on a judgment is a denial of the existence of the judgment or proof of a subsequent satisfaction or discharge thereof." The defenses available, and which go to the plaintiff's right, as against the defendant, to have the judgment executed, are, that there is no such record, or that the judgment has been paid or released, or there has been an accord and satisfaction. The defendant, under the plea of *nul tiel* record, may show the judgment to be void for want of jurisdiction, if that fact appears from an inspection of the record, but he cannot attack it collaterally by contradicting the record. (23 Cyc. 1457.) A plea to a writ of *scire facias* to revive a judgment denying service of process is a collateral attack on the judgment, and the defendant is not entitled to make such an attack by evidence *aliunde* against a record which shows valid service. The court did not err in sustaining the demurrer.

The next point insisted upon is, that the court erred in denying to the defendant a jury trial. A defendant may plead matter in discharge of the judgment which raises an

issue of fact for a jury, but the issue under a plea of *nul tiel* record is to be determined by the court from an inspection of the record itself. The plea of *nul tiel* record raises but one question, and that is whether there is such a record as that set out in the writ, and that question is to be determined by the court. (19 Ency. of Pl. & Pr. 286.) The defendant was not entitled to a jury trial under the first plea of *nul tiel* record, or the second, which raised no issue of fact outside of the record.

The next complaint is, that the court admitted the record of the judgment without proof that it was the record of that court. The court was right in overruling the objection to the record for the reason that the court knows its own records and will take judicial notice of them. *Robinson* v. *Brown,* 82 Ill. 279.

Finally, it is argued that the judgment is not in proper form. The judgment is that the original judgment be revived and stand in full force and effect as of the date of the rendition thereof, and that the plaintiff have execution against the defendant for said judgment, together with the plaintiff's costs in the original action and this action. The judgment under a *scire facias* to revive a judgment is not *quod recuperet* for the amount due, but its object is to revive the judgment just as it formerly existed and to reinvest it with the same attributes and conditions which originally belonged to it. The material part of the judgment is that the plaintiff have execution of the judgment described in the writ, and the judgment in this case is not improper in form. *Waterbury Nat. Bank* v. *Reed,* 231 Ill. 246.

The trial court did not commit any error in the proceeding, and the Appellate Court was right in affirming the judgment.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*