### FRANK PARMELEE CO. v. ÆTNA LIFE INS. CO.

(Circuit Court of Appeals, Seventh Circuit.   October 6, 1908.)

#### No. 1,465.

**1. PROCESS (§ 142*)—SERVICE—RETURN—IMPEACHMENT.**

Since the verity of the return of a summons in an action for injuries might have been challenged and tried by proper proceedings in that action, and defendant, an indemnity insurance company, was entitled to defend that action and to exercise the same right to have the return set aside, the validity of such return was subject to impeachment in an action by the insured against the insurer to recover on the policy the loss sustained by a judgment against the insured in the injury action.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 193; Dec. Dig. § 142.*]

**2. INSURANCE (§ 539*)—ACCIDENT INDEMNITY—ACTION FOR INJURIES—DEFENSE —NOTICE—CONDITIONS—COMPLIANCE.**

Plaintiff, on obtaining notice of an accidental injury for which it was liable, immediately notified defendant insurer thereof, giving full information of all the facts from which the insurer could know what and how defenses might be made to the action. Thereafter a summons was filed in the injury action, returned as served on plaintiff by delivering a copy to a person described as plaintiff's secretary, but who in fact was neither an officer nor agent of plaintiff company. Plaintiff had no knowledge of the summons or suit, or that a default had been taken, until nearly a year thereafter, when immediate notice was given to insurer, requesting it to appear and defend, and informing it concerning the falsity of the return. Defendant denied liability, because the summons had not been immediately forwarded to it, under a provision of the policy requiring assured to immediately forward any summons or other process as soon as it had been served, etc. *Held*, that there was a substantial compliance with the contract by assured, under the rule that, to escape liability, the insurer under such contracts must show that the breach is

---

something more than a technical departure from the letter of the bond, resulting to its substantial prejudice.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 539.*

Time for notice of loss, see note to Rovick v. Railway Officials & Employés' Acc. Ass'n, 55 C. C. A. 376.]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

The facts are stated in the opinion.

Andrew R. Sheriff, for plaintiff in error.

Robert J. Slater, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge. The action in the Circuit Court was in assumpsit; upon a policy of insurance issued by the defendant in error to the plaintiff in error, insuring the plaintiff in error against loss from common law or statutory liability for damages on account of bodily injuries, fatal or non-fatal, accidentally suffered by any person or persons, and caused through the negligence of the assured by means of the horses or vehicles in his service (the plaintiff in error being engaged at the time in the teaming and omnibus business), subject to certain special and general agreements, one of which was as follows:

"If thereafter any suit is brought against the Assured to enforce a claim for damages on account of an accident covered by this Policy, the Assured shall immediately forward to the Company every summons or other process as soon as the same shall have been served on him, and the Company will at its own cost defend against such proceeding in the name and on behalf of the Assured, or settle the same, unless it shall elect to pay to the Assured the indemnity provided for."

The declaration, as finally amended, after setting forth the policy of insurance, including the provisions as above, averred that on the 18th of August, 1902, the plaintiff in error became and was, liable for damages on account of bodily injuries accidentally suffered by one Cora Whelock, caused on said day, through the negligence of the plaintiff in error, by means of horses and vehicles in its service; that immediate notice thereof was given to the defendant in error; that on the 23rd day of September, 1902, suit was commenced in the Circuit Court of Cook County, Illinois, against plaintiff in error, by said Cora Whelock, to recover damages on account of the injuries so suffered; that on the 10th day of October, 1902, a summons was filed in the court where such suit was brought, with the Sheriff's return thereon that it had been served upon plaintiff in error by delivering a copy thereof to one J. J. Gany, Secretary of said plaintiff in error; that said Gany was not at the time of such service, clerk, secretary, superintendent, general agent, or any agent of said plaintiff in error, upon whom summons could be served; that one John B. Wilbur, was at that time secretary of said plaintiff in error, and that said summons was not served on him; that said paper thus filed was the only summons, and the only return purporting to have been issued and return-

ed against plaintiff in error in said cause; that plaintiff in error had no notice or knowledge of said suit, or said summons, or of a default entered in said suit (January 30th, 1903), or of any proceedings in said suit until the 2nd day of September, 1904; that upon the discovery, by chance, on said 2nd day of September, 1904, that said suit was pending, and said default had been entered, notice was immediately given to defendant in error by plaintiff in error, in writing, requesting defendant in error to defend the same—the defendant in error about the same time being informed in writing by the plaintiff in error, that the return on the summons was false, and that said order of default was improperly made; that on the 10th day of September, 1904, the plaintiff in error was notified by defendant in error, in writing, that defendant in error disclaimed all liability; and on the 15th day of October, following, added that the defense of the suit was declined, "by reason of your violation of condition two of our policy (the one above set forth) which requires immediate notice of suit"; that thereafter, plaintiff in error was compelled by reason of said order of default, to enter its appearance in said suit, and to assume the defense thereof, doing everything therein to prevent a recovery; that counsel were employed at plaintiff in error's expense, pleas to the merits were filed, and the case was fully and fairly tried, resulting in a verdict against plaintiff in error of three thousand five hundred dollars, upon which, after motion for a new trial was overruled, judgment was entered; that appeals were then taken to the Appellate Court for the First District of Illinois, and to the Supreme Court of Illinois, upon which appeals, on full argument, the judgment was affirmed; that defendant in error has been requested by plaintiff in error to pay the said judgment with costs and interest thereon, which request has been refused; wherefore the plaintiff in error has been compelled to pay out the sums of money sued for.

A demurrer, general and special, having been filed to this declaration (the special causes of demurrer being chiefly a particularization of the objection that no copy of any summons was immediately sent to the defendant in error, as required by condition two of the policy), judgment was entered sustaining the demurrer, and giving judgment to defendant in error for costs.

The contention of defendant in error, put into logical sequence, is that inasmuch as the summons filed in the Whelock suit cannot be attacked or denied by the plaintiff in error in this case, it is a summons within the meaning of condition two above set forth, and that inasmuch as neither that nor any other summons was forwarded to the defendant in error, the plaintiff in error has failed to comply with the condition that requires that "the assured shall immediately forward to the company every summons or other proceeding as soon as the same shall have been served on him."

But is this a case in which the return, in the Whelock case, cannot be challenged? Many cases are cited by defendant in error, illustrating the circumstances under which an officer's return upon a summons may not be contradicted. Bank of Eau Claire v. Reed, 232 Ill. 238, 240, 83 N. E. 820, 122 Am. St. Rep. 66; Brown v. Kennedy, 82 U.

S. 600, 21 L. Ed. 193; Trimble v. Erie Electric Motor Co. (C. C.) 89 Fed. 51; Joseph v. New Albany, etc., Co. (C. C.) 53 Fed. 180; United States v. Gayle (D. C.) 45 Fed. 107; Walker v. Cronkite (C. C.) 40 Fed. 133; Hunter v. Stoneburner, 92 Ill. 75, on page 79; Fitzgerald v. Kimball, 86 Ill. 396, 397; Reddish v. Shaw, 111 Ill. App. 337, 338; Irvin v. Smith, 66 Wis. 113, 27 N. W. 35, 28 N. W. 351; 18 Enc. Pleading & Practice, p. 967. But none of these cases bear any analogy to the case under review. Surely had appropriate action been taken in the action in which the summons was issued, the verity of the return might have been challenged and tried. And the defendant in error was in a position, had it assumed the obligations of its contract to defend the action, to have exercised that right of challenge; so that, while as against it, and plaintiff in error, in some collateral proceeding by a third party, or in a proceeding in scire facias (Bank v. Eau Claire, 232 Ill. 238, 83 N. E. 820, 122 Am. St. Rep. 66) the return might not now be open to challenge, there is neither precedent nor reason for holding, that as between themselves, in the settlement of their own relations to each other, such a rule should be applied.

But assuming that the summons was one that, under condition two, should have been immediately forwarded to defendant in error, the averments of the declaration still show, in our judgment, a substantial compliance with the contract; for defendant in error was put in full information of all the facts transpiring up to that time—had all the data upon which to base its judgment as to what defense might be made to the Whelock action, and how the defense could be conducted. In contracts of this kind, to escape liability, the insurer must show that the breach is something more than a mere technical departure from the letter of the bond—that it is a departure that results in substantial prejudice and injury to its position in the matter. Rumford Falls P. Co. v. Fid. & Cas. Co., 92 Me. 574, 43 Atl. 503; Ward v. Maryland Cas. Co., 71 N. H. 262, 51 Atl. 900, 93 Am. St. Rep. 514.

The judgment of the Circuit Court will be reversed, and the case remanded with instructions to overrule the demurrer, and to proceed further in accordance with this opinion.