In re RUBIN.

RUBIN v. MIDLINSKY (two cases).

SAME v. TAFF et al.

Circuit Court of Appeals, Seventh Circuit.
February 16, 1928.

Rehearing Denied March 21, 1928.

Nos. 3881–3883.

1. **Bankruptcy** ⬅═➡340(4)—Orders allowing claims held proper under evidence.

Orders allowing claims against bankrupt's estate *held* proper, where bankrupt failed to support his objections to claims by any evidence at the hearing, and transactions set out in objections had been litigated and decided adversely to bankrupt in state court.

2. **Judgment** ⬅═➡870(10)—Only defenses against scire facias on state court judgment are matters involving right to have judgment executed (Rev. St. Ill. 1889, c. 83, § 25).

Under Illinois limitations statute (Rev. St. 1889, c..83, § 25), providing that judgments of any court of record in the state may be revived by scire facias within 20 years from date of judgment, the only thing taken away from judgment within the 20-year period is the right to have execution issued on it after 7 years, and only matters that can be raised in defense in trial of scire facias are those going to plaintiff's right to have judgment executed.

3. **Bankruptcy** ⬅═➡340(4)—Bankrupt's admission of existence of judgment without alleging payment made out prima facie case for allowance of claim based thereon.

Where bankrupt admitted existence of state court judgment on which claim against him was based, but pleaded right to show facts defeating right to execution thereon, and proof of claim filed asserted existence of judgment and that no part thereof had been paid, there was prima facie case in favor of allowance of the claim.

4. **Bankruptcy** ⬅═➡339—Claimant, obtaining injunction against bankrupt's state court suit to cancel judgment supporting claim, could not assert that objection in bankruptcy court constituted collateral attack on judgment.

Where bankruptcy court enjoined bankrupt from prosecuting suit in state court to cancel claimant's judgment on which claim was filed, on claimant's cross-petition alleging that subject-matter of bankrupt's bill could be determined by bankruptcy court, and that jurisdiction of bankruptcy court in that respect was exclusive, claimant should not thereafter be permitted to say that bankrupt could not raise question in bankruptcy court, because it would amount to a collateral attack on the state court judgment.

5. **Bankruptcy** ⬅═➡340(3)—Exclusion of testimony respecting agreement to cancel state court judgment on which claim was based, as collateral attack on judgment, held error.

Exclusion of evidence consisting of agreement for cancellation of state court judgment on which claim against bankrupt was based, as being collateral attack on the judgment, *held* error;

24 F.(2d)—19

ror; such evidence being rather matter going in discharge of judgment.

Appeals from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of Sol Rubin, bankrupt. From orders allowing claims of Samuel Midlinsky, of Anna Midlinsky, and of Jacob Taff and Walter Levin, copartners as Taff & Levin, the bankrupt appeals. Orders respecting claims of Samuel and Anna Midlinsky affirmed. Order respecting claim of Taff & Levin reversed and remanded.

Jacob G. Grossberg, of Chicago, Ill., for appellant.

Clarence J. Silber, of Chicago, Ill., for Samuel Midlinsky and Anna Midlinsky.

Maurice Alschuler, of Chicago, Ill., for appellees Taff & Levin.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. Appellant's estate is in bankruptcy, and these appeals are to reverse orders allowing the claim of each appellee. Some questions in this bankruptcy proceeding were before this court in Re Rubin, 1 F.(2d) 157, and that opinion throws some light on Rubin's methods of doing business.

[1] *No. 3881. Sam Midlinsky Claim.*—This claim was filed on November 20, 1924, on a judgment in a state court rendered January 31, 1917. Bankrupt's objections thereto were filed April 2, 1925, and set out: (a) That the only basis for the judgment was a note given for the sole purpose of enabling Midlinsky to make a redemption in foreclosure of a certain piece of property for Rubin; (b) that the matters and things set forth in a bill of complaint in a suit in the state court between bankrupt and Midlinsky and others are true; (c) the redemption in the foreclosure case was for the benefit of bankrupt, and if the rents, etc., collected after the redemption were accounted for they would more than pay the judgment. One main objection now urged, namely, that the proof of claim is defective, was not raised.

We think the proof of claim sufficient. In addition to the fact that Rubin wholly failed to support his objections by any evidence when the claim was set for hearing, the record shows that the transactions between Rubin and Midlinsky, and set out in his objections, had been litigated and decided in the state courts adversely to Rubin. It will be quite useless to discuss this claim further. The order is affirmed.

*No. 3882. Anna Midlinsky Claim.*—This claim was based on a deficiency decree in a state court rendered Sept. 15, 1917. The argument on this claim is based largely on an objection not raised before the referee or elsewhere. The only objections made before the referee were: (a) That the deficiency decree was entered for the sole purpose of enabling the collection of rents during the period of redemption after a foreclosure on a debt the basis of which was notes alleged to be the property of bankrupt, and that it was never intended that the deficiency decree should be paid; (b) that the rents collected by Anna and Sam, her husband, more than paid the deficiency decree.

The order allowing the claims show that, after at least two opportunities, bankrupt offered no evidence to support the allegations in his objections. The petition to review was a long statement of matters, most of which had no place in such a petition. There was an assertion that the referee refused to hear testimony in behalf of Rubin to support his objections. The record, certified by the referee, disclosed that Rubin had offered no evidence in support of matters alleged in his objections.

Exceptions to the certificate were that the certificate was erroneous because: (1) It did not fully set out the evidence; (2) it did not truly set out the proceedings before the referee; (3) it did not show refusal of the referee to permit bankrupt to put in evidence. So far as we can find, there was no request for a corrected record, nor for any hearing of any kind before the court. The court denied the petition.

On the face of the referee's order and of the certificate to the judge, there appears no error in allowing the claim. Bankrupt made no effort to support his affirmative charges made against the integrity of the certificate. Apparently the contentions as to this claim were disposed of adversely to bankrupt in the state court. The order should be and is affirmed.

[2] *No. 3883. Taff & Levin Claim.*—This claim is based on a state court judgment rendered October 29, 1915. The objections to this claim are that the notes upon which the judgment was entered were given to Taff & Levin in order that they might give a waiver of lien upon a building they were then constructing for bankrupt, so as to close a real estate loan; that Taff & Levin then abandoned the building contract, leaving the building uncompleted, so that bankrupt had to and did complete it; that thereafter and by reason thereof, the parties entered into an agreement to cancel and surrender the notes and satisfy the judgment of record; that bankrupt had a suit pending in the state court to set aside the judgment and declare it null and void, from the prosecution of which suit he had been enjoined by the bankruptcy court; that because the judgment was more than seven years old and had not been revived, no claim could be based on it.

It appears in the record that bankrupt was enjoined by the bankruptcy court from prosecuting his claim against Taff & Levin for the cancellation of the judgment upon which the claim was filed, and that although he made several efforts to have the injunction set aside it apparently still remains in full force and effect. We are unable to find any order of the referee allowing this claim, but on August 5, 1925, bankrupt filed a petition to review and revise, which sets out many things not germane to the issue. On November 9, 1926, the referee filed a certificate wherein he showed the filing of the claim, objections and amended objections thereto, the hearing of the claim, the overruling of the objections and the allowance of the claim, petition for review, and certificate of evidence.

The certificate of evidence shows the admission of the certified copy of the judgment and objection thereto on the ground that it was rendered on October 29, 1915, and there was no record of its being reviewed by scire facias. That objection was overruled. It also appears that bankrupt offered to prove substantially the matters set out in the objections hereinbefore referred to. That evidence was objected to because it was held to be a collateral attack upon the judgment, which objection was for that reason sustained. Thereupon, there being no other evidence offered, the claim was allowed. That certificate was filed on November 9, 1926, and on December 13, 1926, the court confirmed and approved the order made by the referee.

Bankrupt, in support of his contention that the judgment had no force because it was over seven years old and had not been revived by scire facias, relies upon Smith v. Stevens, 133 Ill. 183, 193, 24 N. E. 511. If counsel had read from pages 190 and 191 (24 N. E. 512) in that same case he probably would not have advanced the argument that the deficiency decree was outlawed. There the same proposition was advanced, and the court said:

"This proposition confuses the right to recover the possession of the land established in the plaintiff by the judgment in ejectment, with the mere lien upon the lands of the

judgment debtor, which the statute gives as a collateral right, to the plaintiff in a money judgment. Such lien is the mere right to have the lands upon which it rests sold for the purpose of making the money recovered by the judgment. That right undoubtedly expires unless enforced within the statutory period, and having once expired, is incapable of revival, although upon revival of the judgment a new lien may be acquired."

Referring to the limitations statute (Rev. St. 1889, c. 83, § 25) the court holds: "That statute provides that judgments of any court of record in this state may be revived by scire facias, or an action of debt may be brought thereon, within twenty years from the date of such judgment."

The very fact that a judgment may be revived by scire facias or may be the basis of a recovery in an action of debt clearly shows that the only thing taken away from the judgment within the twenty-year period is the right to have execution issued upon it after seven years. While the case holds that scire facias is a proceeding in the original suit, and that it must allege all that is necessary to be alleged in a declaration, the only questions that can be raised in defense are those that go to the right of the plaintiff to have the judgment executed, and, as said in Bank v. Reed, 232 Ill. 238, 240, 83 N. E. 820, 122 Am. St. Rep. 66: "The only defense in the trial of the scire facias on a judgment is a denial of the existence of the judgment or proof of a subsequent satisfaction or discharge thereof."

[3] Bankrupt admitted the existence of the judgment and did not claim that it was paid, but pleaded the right to show facts which would defeat Taff & Levin's right to have the judgment executed against bankrupt. The proof of claim filed asserted the existence of the judgment, and that no part of the debt had been paid. We are of opinion that the evidence made a prima facie case in favor of the allowance of the claim.

[4] The right of the court to exclude the evidence offered, on the ground that it was an attempt to attack the judgment collaterally, is not so clear. On January 14, 1925, bankrupt filed his petition in the bankruptcy court, showing that he had settled all claims against him except the three in question and that he did not owe any of those. To that petition, on February 25, 1925, Walter Levin, of the firm of Taff & Levin, and others, were granted leave to and did file a cross-petition, in which it was set up, among other things, that

bankrupt had filed his suit in the circuit court of Cook county, praying, among other things, that the judgment here in question be set aside, and the prayer of the cross-petition, on behalf of Levin, was that bankrupt be restrained from prosecuting that suit. On March 21, 1925, the prosecution of that suit was enjoined.

To say to bankrupt that he could not attempt to overthrow the judgment in a direct proceeding in equity in the state courts, and at the same time tell him, in the bankruptcy court, that he could not raise the question there because it would amount to a collateral attack upon the judgment seems to us to take away all right and leave the bankrupt without any remedy, no matter how strong his equitable rights may be to defend against that judgment. One of the allegations in the joint and cross petition was, as to the Levin judgment: "That the subject-matter of said bankrupt's bill of complaint and the rights, if any, of said bankrupt thereunder, can be fully ascertained and determined by this court on objections, if any, to the proof of debt of said Walter Levin; that the jurisdiction of this court with respect thereto is exclusive."

[5] After securing the restraining order pursuant thereto, Levin could not be permitted to say that Rubin could not be heard in the bankruptcy court because he was making a collateral attack upon the judgment. Neither are we convinced that evidence in support of the objections to the Levin claim amounted to a collateral attack. The amended objections do not directly attack the entry of the judgment, but they state a set of facts and conditions arising after the entry of the judgment, which, they allege, were embodied in an agreement whereby and in consideration whereof the judgment was to be canceled. In any event, we see no reason why that matter might not have been inquired into; it is rather a matter that goes in discharge of the judgment than an attack upon the integrity of the judgment at its entry.

We are of opinion that the order in No. 3883 should be reversed and remanded, so that the bankrupt shall have, as the bankruptcy court may order, either the opportunity of prosecuting his case against Levin in the circuit court of Cook county for the purpose of having the judgment set aside, or that the bankruptcy court shall hear evidence under the objections.

Appellees in 3883 shall pay one-third of costs on appeal.