Albert Pick Company, Inc., Assignee of Albert Pick-Barth Company, Inc., Appellant, v. Thomas Valos, Appellee.

Gen. No. 42,952.

Heard in the third division of this court for the first district at the December term, 1943. Opinion filed December 20, 1945. Rehearing denied January 8, 1946. Released for publication January 8, 1946.

Sidney J. and Arthur Wolf, both of Chicago, for appellant; Arthur Wolf, of Chicago, of counsel.

Paul Demos and Frank L. Hume, both of Chicago, for appellee.

Mr. Justice Lewe delivered the opinion of the court.

By this appeal plaintiff seeks to reverse a judgment based upon a finding by the court, in a proceeding to revive a judgment, that the bailiff's return on the summons showing personal service on the defendant Thomas Valos was false, and also seeks to have set aside an order denying counsel fees and expenses incurred as a result of defendant's refusal, under the

provisions of rule 53 of the municipal court, to admit certain facts.

In the year 1930, Albert Pick-Barth Company, Incorporated, a corporation, brought an action in the municipal court of Chicago against the defendants Dan G. Valos, John Katsules and Thomas Valos. The return of the bailiff appearing on the summons shows there was personal service on all defendants. On August 7, 1930, the return day of the summons, an appearance was filed and defendants were granted additional time in which to file an affidavit of merits. Thereafter, on September 17, 1930, all defendants were defaulted for their failure to file an affidavit of merits, and a judgment was entered against them for $600.42. Subsequently, Albert Pick-Barth Company, Incorporated, a corporation, assigned the judgment to the plaintiff Albert Pick Co., Inc., a corporation.

On January 18, 1943, plaintiff instituted proceedings to revive the judgment against the defendants and, on March 8, 1943, judgment was entered against defendants Dan Valos and John Katsules in these revival proceedings. The defendant Thomas Valos filed a special appearance and a defense averring in substance that in the original proceedings he "was not served with summons or publication notice and did not enter his appearance in the proceeding and did not authorize the entry of his appearance in said proceeding."

Upon a hearing by the court without a jury, the court, on June 25, 1943, found the issues against the plaintiff and entered judgment thereon.

Plaintiff's theory is that no proper defense was interposed, since the original judgment was based on the bailiff's return of the original summons showing proper personal service on all three defendants. Defendant's theory is that the bailiff's return was false and the appearance filed in his behalf was unauthorized.

Plaintiff's principal contention is that the court erred in permitting the defendant Thomas Valos to introduce evidence contradicting the bailiff's return on the original summons.

The record discloses that the court permitted the defendant to testify that he was absent from the State at the time the bailiff's return shows that he was personally served. The law is well settled that if the return of the bailiff was false and the defendant had a defense to the plaintiff's action which he was prevented from making because of the false return, he had a remedy against the bailiff in an action for the bailiff's false return. (*Marabia v. Mary Thompson Hospital,* 309 Ill. 147, 156.) In *Chapman v. North American Life Ins. Co.,* 292 Ill. 179, 187, the court said:

"The doctrine prevails in this State that the return of the sheriff on the summons, where that return is in harmony with the findings of the court in its judgment that the defendant was duly served, cannot be contradicted after the term of court has ended in which judgment was rendered, . . . ."

In the instant case more than twelve years have elapsed from the time of service in the original proceeding to the raising of the defense of the bailiff's alleged false return, although the record clearly shows that the defendant had personal knowledge of the existence of the judgment several years before he interposed this defense. The defendant is here in effect making a collateral attack on the original proceeding by contradicting the record. This cannot be done. In *Bank of Eau Claire v. Reed,* 232 Ill. 238, at p. 240, the court said:

"The only question to be determined in a proceeding by scire facias to revive a judgment is whether the plaintiff has a right, as against the defendant, to have the judgment executed. . . . The only defense in the trial of the scire facias on a judgment is a denial

of the existence of the judgment or proof of a subsequent satisfaction or discharge thereof. The defenses available, and which go to the plaintiff's right, as against the defendant, to have the judgment executed, are, that there is no such record, or that the judgment has been paid or released, or there has been an accord and satisfaction. . . . A plea to a writ of scire facias to revive a judgment denying service of process is a collateral attack on the judgment, and the defendant is not entitled to make such an attack by evidence *aliunde* against a record which shows valid service.''

Application of the principles announced in the *Bank of Eau Claire* case makes the defendant's position untenable. The trial court should have entered judgment for the unpaid portion of the judgment as set forth in plaintiff's statement of claim for the sum of $415.42 with interest thereon at the rate of 5 per cent per annum from the 17th day of September 1930.

The record also discloses that on June 3, 1943, while the trial was in progress, plaintiff served, under the provisions of rule 53 of the municipal court of Chicago, a written demand on the defendant Thomas Valos to admit that it was a corporation and held a valid assignment of the judgment from Albert Pick-Barth Company, Incorporated, a corporation, and certain indentures of transfer and bills of sale, which the defendant refused to admit. It does not appear that the trial judge at the hearing certified that the refusal to admit was reasonable.

On July 2, 1943, plaintiff filed a written motion to ascertain and assess the expenses and reasonable counsel fees incurred by the plaintiff in proving the facts in accordance with the notice of June 3, 1943. On July 13, 1943, the court overruled plaintiff's motion. No reason is disclosed by the record justifying the defendant's refusal to admit the specific facts in question. As a consequence it appears that defendant's action necessitated the introduction by plaintiff of vo-

luminous documents to establish these facts thus swelling the record to more than 600 pages in a case involving a question of law. Rule 53 of the municipal court, which has its counterpart in rule 18 of the Supreme Court, is a salutory rule designed to improve the administration of justice. (*Wintersteen v. National Cooperage & Woodenware Co.,* 361 Ill. 95.) The court erred in overruling the plaintiff's motion and we, therefore, direct the court to ascertain the expenses and reasonable counsel fees incurred by the plaintiff in proving the facts referred to in plaintiff's motion of June 3, 1943, and to assess these additional amounts against the defendant Thomas Valos.

Upon the oral argument before this court, new counsel appeared in behalf of the defendant and asked the court for leave to raise some new points in the argument that had not been raised on the trial or in the briefs. We shall not consider them, since rule 7 of this court provides that ''No point not contained in such brief shall be raised afterwards either in oral or printed argument or by reply brief or on petition for rehearing.''

For the reasons indicated, the judgment and order of the municipal court of Chicago are reversed and the cause is remanded with directions to proceed in a manner not inconsistent with this opinion.

*Reversed and remanded with directions.*

KILEY, P. J., and BURKE, J., concur.