**The Aetna Casualty and Surety Company, a Corporation, Plaintiff-Appellee, v. Roy W. Brunsmann, Defendant-Appellant.**

**Gen. No. 66–77.**

Fifth District.
December 2, 1966.

Sam S. Pessin, of Belleville, for appellant.

Ray Freeark, Jr., of Belleville, for appellee.

GOLDENHERSH, P. J.

Defendant, Roy W. Brunsmann, appeals from the judgment of the Circuit Court of St. Clair County, entered in favor of plaintiff, The Aetna Casualty and Surety Company, upon allowance of a motion for summary judgment.

On April 20, 1965, plaintiff filed a "Complaint to Revive Judgment," and alleged therein that on December 14, 1939, a judgment was entered in the Circuit Court of St. Clair County in favor of plaintiff, and against defendant, in the amount of $12,779.72 and costs; that on June 9, 1948, a judgment of revivor was entered reviving said judgment; that on February 3, 1956, a judgment of revivor was entered; that the judgment is in full force and effect and has not been reversed, vacated or satisfied.

Defendant answered, raising as a defense, the statute of limitations, plaintiff moved for summary judgment, the circuit court allowed the motion for summary judgment, entered judgment of revivor and for costs, and ordered execution to issue. This appeal followed.

Defendant contends that the provisions of chapter 83, section 24b, Ill Rev Stats 1965, bar an action to revive the judgment after 20 years from the date of its entry, and the intervening judgments of revivor did not serve to toll the running of the statute.

Plaintiff contends that the intervening revivors tolled the statute, and the action was timely filed.

Section 24b (supra) provides that a judgment may be revived by scire facias ". . . or by ordinary civil action in lieu of scire facias as provided by the Civil Practice Act, . . ." and provides that the action shall be commenced "within 20 years next after the date of such judgment and not after; . . ."

Section 55 of the Civil Practice Act (c 110, § 55, Ill Rev Stats 1965) provides: "Any relief which heretofore might have been obtained by scire facias may be had by employing an ordinary civil action."

The issue here presented is well stated in Freeman on Judgments (5th Ed) wherein in Volume 2 at page 2249, is found the following statement: "Whether in the case of a judgment which has been revived the statute runs from the date of the original judgment or that of revivor depends upon whether the judgment or order of revival is regarded as a new cause of action."

In Smith v. Carlson, 8 Ill2d 74, 132 NE2d 513, the Supreme Court stated that a scire facias proceeding and the civil action provided in lieu thereof are concurrent and identical remedies.

The Illinois rule appears to be in accord with the majority rule in the United States, as expressed by the Supreme Court of the United States in Owens v. McCloskey, 161 US 642, 16 S Ct 693, at page 694: "Ordinarily, the writ of scire facias to revive a judgment is a judicial writ, to continue the effect of, and have execution of, the former judgment, although in all cases it is in the nature of an action, as defendant may plead any matter in bar of execution, as, for instance, a denial of the existence of the record or a subsequent satisfaction or discharge. Fost Scire Facias, 13, and cases cited; Tidd, Prac 1090; 2 Sell Prac 275.

"Conformably to the exigency of the writ, the judgment on sci. fa., the proceeding being regarded as a continua-

tion of the original action, usually is that plaintiff have execution of the judgment mentioned in the writ with costs."

In Smith v. Stevens, 133 Ill 183, 24 NE 511, at page 191, the Supreme Court said: "The proceeding by scire facias to revive a judgment is not an original suit, but is merely a continuation of the suit in which the judgment was rendered."

In Bank of Eau Claire v. Reed, 232 Ill 238, 83 NE 820, at page 241, the Supreme Court said: "The judgment under a scire facias to revive a judgment is not quod recuperet for the amount due, but its object is to revive the judgment just as it formerly existed and to reinvest it with the same attributes and conditions which originally belonged to it. The material part of the judgment is that the plaintiff have execution of the judgment described in the writ, . . ."

■ It appears from the authorities that a judgment of revivor is not a new judgment, but serves merely to restore to the existing judgment the vitality necessary to permit execution in accordance with chapter 77, section 6, Ill Rev Stats 1965, which provides, in part: "No execution shall issue upon any judgment after the expiration of 7 years from the time the same is rendered, except upon the revival of the same by scire facias or by other proceeding provided by law; . . ."

The only case cited by counsel, which involves the specific issue here presented, and a statute similar to that here in force and effect, is Mobile Drug Co. v. McCullough, 215 Ala 382, 112 So 238. The Supreme Court of Alabama held that the statute runs from the date of the rendition of the judgment, and not from the date of subsequent revivor.

■ Plaintiff argues that the holdings in Bank of Eau Claire v. Reed, (supra) and Motel v. Andracki, 299 Ill App 166, 19 NE2d 832, to the effect that the judgment, when revived, is invested with the same attributes as

when it was originally entered, serve to start the running of the period of limitation from the date of revival. Plaintiff also cites the holding in Smith v. Carlson (supra) that the judgment of revivor may be entered after the expiration of the 20-year period, provided the affidavit for scire facias or the complaint for revivor is filed prior to the expiration of the period. We do not consider these cases to be authority for the proposition that a new 20-year period of limitation commences to run upon entry of judgment of revivor. In our opinion, the statutory provision that the action for revivor, whether by scire facias or civil action in lieu thereof, be ". . . brought thereon within 20 years next after the date of such judgment, and not after; . . ." is clearly intended to limit the time for commencement of such action to 20 years from the date of the original judgment, and the statute is not tolled by entry of judgment of revivor.

For the reasons herein expressed, the judgment of the Circuit Court of St. Clair County is reversed, and the cause remanded with directions to vacate and set aside the order allowing plaintiff's motion for summary judgment, and expunge the judgment of revivor entered on March 25, 1966.

Judgment reversed and cause remanded with directions.

MORAN and EBERSPACHER, JJ., concur.