Trustees of Schools of Township No. 20, Range No. 5, Whiteside County, Illinois, Appellee, v. O. J. Chamberlain, Appellant, and A. J. Harkness, Defendant.

Gen. No. 10,181.

84

Opinion filed March 9, 1948. Rehearing denied April 19, 1948. Released for publication April 19, 1948.

SHELDON & BROWN and ALEXANDER L. HAGLUND, both of Sterling, for appellant.

BULL, YOST & LUDENS, of Morrison, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court.

The Trustees of Schools of Township No. 20, Range No. 5, Whiteside County, Illinois filed its amended complaint in the circuit court of Whiteside county to revive a judgment which it obtained on January 12, 1939, in the circuit court of Whiteside county against O. J. Chamberlain and A. J. Harkness.

The amended complaint alleged the rendition of this judgment for $16,962.56 and averred that it was for losses and shortages of funds belonging to the plaintiff and occurred when one Daniel Franklin Millikan was acting as treasurer for the plaintiff; that an execu-

tion was issued on said judgment on January 14, 1939, which was returned in no part satisfied and that said money decree remains in effect and has not been reversed, satisfied or vacated and concluded that by reason thereof an action has accrued to the plaintiff to have said judgment or money decree revived and to have execution thereon. Personal service was had upon Harkness and Chamberlain, the defendants, and they appeared and filed separate answers.

The defendant Harkness, in his answer admitted the allegations of the amended complaint but alleged that on April 7, 1939, he filed a voluntary petition in bankruptcy and that the judgment sought to be revived was scheduled in the bankruptcy proceeding and he was thereafter adjudicated a bankrupt and on November 22, 1939, he was discharged as a bankrupt. The defendant, Chamberlain, answered denying that a money decree was rendered as alleged and that any money decree which was rendered was void. He admitted that the claim of the plaintiff in the original proceeding was for alleged loss and shortages of funds belonging to the plaintiff occurring while Millikan was acting as treasurer for the plaintiff but he denied all the other allegations of the amended complaint. This answer set up the bankruptcy adjudication of Harkness and averred that said judgment sought to be revived is a joint judgment against Chamberlain and Harkness and that it cannot be revived against Chamberlain alone because if revived, any execution issued thereon must run against O. J. Chamberlain and A. J. Harkness and that such execution cannot issue against Harkness because of his discharge in bankruptcy. This answer then alleged that the adjudication and discharge of Harkness in bankruptcy operated as a defense to his co-defendant, Chamberlain and averred that the court is without jurisdiction of the subject matter of this suit because one of the de-

fendants has been adjudicáted a bankrupt and the court cannot proceed against one joint judgment debtor only.

The trial court upon motion of the plaintiff struck from the answer of Chamberlain the portion thereof in which he insisted that the bankruptcy of Harkness operated as a defense to him. A jury was waived and the issues made by the pleadings were submitted to the court for determination, resulting in a judgment in favor of the plaintiff. To reverse this judgment, the defendant, O. J. Chamberlain prosecutes this appeal.

The record discloses that on January 12, 1939, appellee recovered a judgment in the circuit court of Whiteside county against the defendants in the instant proceeding. The record of this judgment recites that the parties were represented by counsel and from the evidence submitted the court found the debt due from the defendants to the plaintiff to be the sum of $50,000 and assessed the damages due from the defendants to the plaintiff at the sum of $16,962.56. The record of this judgment then proceeds: "It is considered by the court that the plaintiff, Trustees of Schools of Township No. 20, Range No. 5, Whiteside County, Illinois do have and recover of and from the said defendants, O. J. Chamberlain and A. J. Harkness the sum of $50,000.00 debt and it is further considered by the court that the plaintiff do have and recover of and from the defendants, O. J. Chamberlain and A. J. Harkness its said damages so assessed as aforesaid in the sum of $16,962.56 with its costs and charges in this behalf expended. It is further ordered by the court that the debt of $50,000.00 aforesaid be satisfied and released upon the said defendants paying the damages of $16,962.56 aforesaid together with costs."

The record further shows that this judgment has never been vacated, set aside or satisfied. It does show that the defendant, A. J. Harkness was duly adjudi-

cated a bankrupt as alleged in the complaint and that the plaintiff received from his trustee in bankruptcy to apply upon this judgment the sum of $4,355.98.

Upon this evidence the trial court, on February 13, 1947, entered the judgment from which this appeal is prosecuted. This judgment is as follows, *viz*:

"On this day comes the plaintiff by its attorneys, Bull, Yost & Ludens, to revive, by this action, the judgment heretofore rendered by this court in favor of the said Trustees of Schools of Township No. 20, Range No. 5, Whiteside County, Illinois, and against O. J. Chamberlain and A. J. Harkness on the 12th day of January, 1939, Case No. 10474, in the sum of Fifty Thousand and no/100 Dollars ($50,000.00) debt and Sixteen Thousand Nine Hundred Sixty-Two and 56/100 Dollars ($16,962.56) damages, and Fifteen and 25/100 Dollars ($15.25) costs, the said debt of Fifty Thousand and no/100 Dollars ($50,000.00) to be satisfied and released upon the said defendants paying the aforesaid damages of $16,962.56 together with costs, and it appearing to the court that a due and sufficient summons was duly and personally served upon the said O. J. Chamberlain, defendant that the said O. J. Chamberlain answered and is present in court by Sheldon & Brown, his attorneys, and that A. J. Harkness, defendant, entered his appearance pro se by filing answer to the complaint to revive said judgment, and the court being fully advised in the premises, finds that the said plaintiff is entitled to have said judgment revived against O. J. Chamberlain.

Wherefore, it is ordered and decreed that said judgment heretofore on the 12th day of January, 1939, rendered, be and the same is hereby revived as against O. J. Chamberlain, defendant, and that said judgment stand in full force and effect as of the date of the rendition of said judgment, but that O. J. Chamberlain is entitled to have credits on said judgment for dam-

ages for payments in the sums of $2,562.34 and $1,793.64 made August 19, 1939 and November 9, 1939, respectively; that the plaintiff have execution against O. J. Chamberlain, defendant, for said judgment, together with all plaintiff's costs and charges in this, as well as in that behalf expended.''

Counsel for appellant insist that the amended complaint will not sustain the judgment rendered because there is no allegation therein to the effect that the original judgment has not been paid. Counsel also contend that the judgment appealed from is a nullity because the original judgment was in debt in the sum of $50,000 to be satisfied on payment of damages in the sum of $16,962.56 while the amended complaint alleged that the plaintiff was awarded a money decree for $16,962.56. It is further insisted that the original judgment was an entirety and is a joint judgment against Chamberlain and Harkness; that the judgment entered in the instant case revived the judgment against the defendant Chamberlain only; that no judgment of revival could be entered against Chamberlain alone until his co-defendant and joint judgment debtor Harkness was dismissed from the case or a judgment in his favor entered. Counsel for appellant insists that the proper procedure in a case of this character is for the court to enter judgment against both of the joint judgment debtors and then, if the court found in favor of Harkness on the bankruptcy issue, it should have stayed the execution as to Harkness. Counsel further suggests that upon this record no valid judgment of revival can be entered because appellant's liability has been altered by the discharge of Harkness in bankruptcy. In our opinion there is no merit in any of these contentions.

The Civil Practice Act (ch. 110, par. 179, sec. 55, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 104.055]) provides that it shall not be necessary to use a writ of scire facias but any relief which hereto-

fore might have been obtained by scire facias may be had by employing an ordinary civil action at law. The instant proceeding is brought under this provision. This section, as said in *Priess v. Buchabaum,* 332 Ill. App. 565, at page 573, leaves open the use of scire facias as at common law, but gives the option of an ordinary civil action through the filing of a complaint and issuance of summons as in other civil cases. The assertion of counsel that the original judgment is void is not based upon anything found in this record.

■ ■ It is specifically provided by Sec. 16 of the Bankruptcy Act that the liability of a person who is a co-debtor with a bankrupt shall not be altered by the discharge of said bankrupt. The liability of a person who is jointly liable with a bankrupt is in no way cancelled, released or impaired by the discharge of the bankrupt. A discharge in bankruptcy is personal to the bankrupt and does not operate to release any co-debtor and a creditor is never deprived of any right of action or remedy he may have against a debtor simply because his co-debtor is adjudicated a bankrupt.

In *Robinson v. Brown,* 82 Ill. 279, Brown sought to revive a judgment which he had previously obtained against John S. Eubanks, Wm. G. Sloan, Moses P. McGehee and Joe Robinson. Eubanks was not served with process. Sloan pleaded his discharge in bankruptcy, and from a judgment rendered in favor of Brown against Robinson and McGehee, Robinson appealed. It was insisted upon the appeal that the trial court erred in not making any disposition of the case as to the defendant Sloan and in not defaulting McGehee who had failed to plead. In disposing of these contentions the court said: ''In finding that Sloan had been adjudged a bankrupt and not rendering judgment against him there was virtually a judgment in his favor. The plaintiff in error, Robinson, cannot assign errors committed against a co-defendant, where his

rights, as in this case, are not affected by the error, . . . Objection is taken to the form of the judgment, it being for $67.82 with an order that execution issue therefor. As a judgment reviving a former judgment, it might have been in a more approved form, but we regard it as substantially sufficient. Taking the entire record, it appears sufficiently that the judgment was one of revival of a former judgment and that it was not an independent, original judgment.''

Whether the trial court should have entered a judgment against Harkness with a perpetual stay of execution need not be determined upon this record. Harkness is not appealing. By his discharge in bankruptcy subsequent to the time the original judgment was rendered, Harkness was relieved of any liability thereunder. No good purpose would be served by reviving this judgment against one who had been discharged in bankruptcy and then perpetually staying an execution thereon as to such bankrupt defendant.

The proceeding to revive a judgment is not a new suit but a continuation of the old one. It does not determine the obligations of the defendant to the plaintiff as involved in the original controversy and as settled by the former judgment but merely seeks a revival of the former judgment in order to have execution on it. The defendant cannot show any matter, which was pleaded or might have been pleaded in the former action. The only defenses, which can be set up in a scire facias proceeding are that no judgment was rendered, or, if one was rendered, it has been satisfied or discharged. (*Bickerdike v. Allen,* 157 Ill. 95, 103; *Bank of Edwardsville v. Raffaelle,* 381 Ill. 486, 489.)

Appellant could not, nor does he attempt to deny the existence of the record of the judgment rendered on January 12, 1939, neither does he contend that that judgment has been paid, satisfied, vacated or released of record. It was properly credited with the several

amounts received by appellee from the trustee of Harkness' bankrupt estate. All the defenses sought to be interposed are technical and without merit. The judgment of the trial court will be affirmed.

*Judgment affirmed.*