(No. 33739.—

RUSSELL E. SMITH *et al.,* Exrs., Appellants, *vs.* JOHN B. CARLSON *et al.,* Appellees.

*Opinion filed January 19, 1956—Rehearing denied March 19, 1956.*

HOOVER & SCHEELE, of Chicago, (JOHN F. HOOVER, of counsel,) for appellants.

LAWRENCE S. ADLER, of Chicago, for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Petition for leave to appeal from a judgment of the Appellate Court affirming the order of the circuit court of Cook County dismissing a *scire facias* proceeding to revive a judgment has been granted. The issue presented here on appeal is whether a judgment may be revived in a *scire facias* proceeding where the affidavit for revival of the judgment by *scire facias* has been filed and the original *scire facias* writ has been issued before the expiration of the twenty-year limitation period but an *alias scire facias* writ, with a return date after said limitation period, has been issued after the expiration of the twenty-year period.

The statutory provision in question is to be found in section 25 of the Limitations Act (Ill. Rev. Stat. 1953, chap. 83, par. 24b,) which follows:

"Judgments in any court of record in this State may be revived by scire facias, or by ordinary civil action in lieu of scire facias as provided by the Civil Practice Act, and all existing and future amendments thereto, or a civil action may be brought thereon within twenty years next after the date of such judgment and not after; and the provisions of the foregoing section shall apply also to this section: Provided, however, that actions to revive judgments in any court of record in this State by scire facias shall be commenced by affidavit of the judgment creditor or creditors, his or their agents, attorneys or assigns, setting forth a description of the original judgment by title of the action, date and amount thereof, together with a statement of any partial satisfaction of such original judgment that may appear of record at the time of making such affidavit, also setting forth a written designation of the return day for the writ.

"The Clerk of such Court shall file such affidavit as a separate action which shall be ancillary to the action in which the original judgment was entered. Upon the entry of a judgment of revivor execution may be issued in the scire facias action. Upon the commencement of any action to revive a judgment by scire facias in a court of record in this State the clerk of such court shall enter upon the Judgment Docket record of the original judgment, a notation of the commencement of such scire facias action, setting forth the date and number of such scire facias action, and, upon the entry by the court of a judgment of revivor in any scire facias action such clerk shall enter upon the judgment docket record of the original judgment, a notation of the entering of such judgment of revivor setting forth the amount, date and general number thereof."

The appellant contends that this statute makes no dis-

tinction between *scire facias* and an action on the judgment in permitting the revival of a judgment if the action is "brought" within twenty years next after the date of the original judgment, and the new judgment, in either proceeding, may be entered before or after the expiration of the twenty-year limitation period. The appellee argues that a *scire facias* proceeding to revive a judgment is merely a continuation of the old action to revive the judgment just as it formerly existed and the revivor must be before the judgment expires, that is, within 20 years next after the date of the judgment. The Appellate Court adopted the latter view.

We cannot agree with this interpretation of this statute. In Vol. 34 of Corpus Juris, sec. 1023b of Judgments it is stated: "The limitation of the time of bringing proceedings for the revival of a judgment begins to run from the rendition of the judgment, or other time specified by statute, and unless the statute is interrupted by some sufficient cause the right to institute the proceeding will expire on the last day of the statutory period, or, if that day is *dies non,* on the next succeeding business day. But, except in some jurisdictions where the statutes expressly limit the time for making or rendering the order or judgment of revivor, as distinguished from the commencement of the proceedings, the statute is saved by beginning the proceedings within the limited time, although the judgment of revivor does not follow until after its expiration." Among the cases cited there was *Thomas* v. *Towns,* 66 Ga. 78, which is based on a statute similar to ours. The court there stated: "Code Sec. 2914 provides that 'dormant judgments may be revived by *scire facias* or be sued on within three years from the time they become dormant.' Two remedies are thus provided—one by *scire facias* and one by suit on the judgment. The latter remedy may be commenced within three years from the dormancy of the judgment. This is the limitation expressly fixed, and we can see no reason why, if instead

of bringing suit the plaintiff elects to proceed by *scire facias* he has not the same limit in which to commence his suit thus to revive. To hold that a judgment of revival must be had within the period of three years from the dormancy of the original judgment would, we think, be a construction unprecedented in all limitation laws."

We see no reason why there should be any distinction between the two concurrent remedies for the revival of a judgment provided by our statute and we do not believe the legislature intended any such distinction. Our statute provides "Judgments  *  *  *  may be revived by scire facias, or by ordinary civil action in lieu of scire facias as provided by the Civil Practice Act,  *  *  *." Section 55 of the Civil Practice Act, provides: "It shall not be necessary to use a writ of scire facias, but any relief which heretofore might have been obtained by scire facias may be had by employing an ordinary civil action at law." (Ill. Rev. Stat. 1953, chap. 110, par. 179.) The legislature apparently regarded a *scire facias* proceeding and the civil action in lieu thereof as concurrent and identical remedies.

The second paragraph of our statute, (Ill. Rev. Stat. 1953, chap. 83, par. 24b,) also seems to negate the contention that the *scire facias* revival must be made before the expiration of the limitation period. It is noted that it is provided therein that "Upon the *commencement* of any action to revive a judgment by scire facias  *  *  *  The clerk of such court shall enter upon the Judgment Docket record of the original judgment, a notation of the *commencement* of such scire facias action," [emphasis ours,] and further provides for the subsequent entry of a notation of the entry of the judgment of revivor. If, as contended by appellee, the commencement of the *scire facias* proceeding has no effect upon the running of the statute, its entry upon the judgment docket of the original judgment would be a useless act. It would seem rather that the legislature intended this entry to be made as notice that the revival pro-

ceeding has been commenced and the running of the statute of limitations was suspended.

Neither of the two decisions of this court cited in the Appellate Court opinion, *Smith* v. *Stevens,* 133 Ill. 183, and *Bank of Edwardsville* v. *Raffaelle,* 381 Ill. 486, concern the question now before us and nothing in our opinion here is inconsistent with those decisions.

The judgment of the Appellate Court of the First District is reversed and this cause is remanded to the circuit court of Cook County for further proceedings in accord with this decision.

*Reversed and remanded, with directions.*