AVCO FINANCE CO., Plaintiff-Appellant, *v.* DENNIS ERICKSON *et al.*, Defendants-Appellees.

(No. 70-150; ▮▮▮▮▮▮▮)

Second District—May 24, 1971.

Charles L. Fierz, of Sycamore, for appellant.

Leifheit & Cliffe, of DeKalb, for appellees.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The plaintiff, Avco Finance Company, has appealed from an order of the Circuit Court of De Kalb County that dismissed its small claim complaint for the alleged conversion of a boat and motor. Although the record in the case is quite slender, it is possible to reconstruct the essential facts.

On January 15, 1969, Dennis and Sharon Erickson obtained a loan from Avco Finance Company and signed a promissory note in the amount of $1573.56. As security for the payment of the note, the Ericksons also executed and delivered to Avco a form security agreement whereby they listed various items of household furnishings together with their 16 foot Lund boat and Johnson motor as collateral. On November 28, 1969, the Ericksons were adjudicated bankrupt, presumably pursuant to their voluntary petition, and Avco was listed as a secured creditor. Avco subsequently took possession of the household furnishings which they sold for $100.00 and applied towards the debt. Avco was unable, however, to either take possession or locate the boat and motor and brought their small claim complaint in the amount of $600.00 against the Ericksons for their alleged conversion of those items. The defendants denied any act of conversion in their answer and raised their discharge in bankruptcy as an affirmative defense.

A short hearing was held on June 4, 1970, and after the close of the plaintiff's case, the trial court entered judgment in favor of the defend-

ants, pursuant to their motion. The judgment order stated that it was entered "* * * for the reason that plaintiff failed to file reclamation petition for the item of collateral alleged to be converted." The report of proceedings also includes the comments of the trial judge to the effect that the only remedy available to the plaintiff was in federal court since it had jurisdiction of the matter.

■■ The trial court has taken an unnecessarily narrow view of its own powers in the area of bankruptcy matters. The granting of a discharge in bankruptcy is the function of the bankruptcy court alone but the effect of the discharge can be determined by any court where it is properly raised. (*Watts v. Ellithorpe,* 135 F.2d 1; *In re Munsie,* 33 F.2d 79.) A discharge in bankruptcy, being personal to the bankrupt, does not act as a release of liens or security interests in property owned by him. Accordingly, a creditor holding a security interest need not proceed in bankruptcy court but may rely on his security and enforce his rights against it in any court of competent jurisdiction. A reclamation petition would be in order only where a trustee, receiver or other officer appointed by the bankruptcy court had taken possession of the bankrupt's property. (9 Am.Jur.2d, sec. 1199.) Here, no trustee or other officer was appointed and the creditor was within his rights to bring an action in conversion, if the secured property had in fact been converted by the debtor. Ill. Rev. Stat. 1969, ch. 26, par. 9—306.

The dismissal of the cause by the trial court was, therefore, improper and the judgment order will be reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SEIDENFELD and GUILD, JJ., concur.