ROCHELLE STATE BANK, n/k/a Rochelle Bank and Trust Company, Plaintiff-Appellant, *v.* HARLAN GAVIC, Defendant-Appellee.

Second District    No. 78-217

Opinion filed March 28, 1979.

Christ T. Troupis, of Chicago, and Donald A. Manzullo, of Manzullo & Moore, of Oregon, for appellant.

Robert G. Coplan, of Connolly, Oliver, Goddard, Coplan & Close, of Rockford, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiff, Rochelle State Bank, appeals from orders of the trial court which opened a judgment by confession it had obtained against defendant, Harlan Gavic, granted judgment in favor of defendant and released the lien of plaintiff's judgment against defendant's real estate.

On February 14, 1974, defendant borrowed $20,000 from plaintiff secured by his promissory note. He became delinquent in payments on the note and on May 20, 1974, plaintiff caused a judgment by confession to be entered against him in Ogle County for principal, interest and attorney's fees in the sum of $21,805.56. On May 24, 1974, a memorandum of the judgment was duly filed by plaintiff in Winnebago County with the recorder of deeds for the purpose of creating a lien against defendant's residence located in that county (Ill. Rev. Stat. 1973, ch. 77, par. 1).

On July 1, 1974, defendant filed a voluntary petition in bankruptcy in the United States District Court for the Northern District of Illinois, Western Division, and it listed plaintiff as an unsecured creditor for the unpaid $20,000 loan. Plaintiff filed a claim in the bankruptcy proceeding on July 22, 1974, which stated defendant owed it $20,000 plus interest on the note and that the debt was secured by a "Judgment Rendered—Court

order attached." In his petition for bankruptcy, defendant did not list the judgment held by plaintiff nor did he seek in that action to cause the lien of the judgment against his real estate in Winnebago County to be released. He was duly discharged in bankruptcy on September 25, 1974, and his residential real estate in Winnebago County was apparently determined to be exempt and set apart to defendant.

On April 11, 1977, defendant filed a motion to open the judgment by confession against him, pursuant to the provisions of Supreme Court Rule 276 (Ill. Rev. Stat. 1975, ch. 110A, par. 276), on the grounds a defense to the action on the note existed in that the debt had been discharged in bankruptcy. The trial court opened the judgment and, after a bench trial held on stipulated facts, entered judgment in favor of defendant finding the debt had been discharged in bankruptcy. The court also entered an order releasing the lien of the judgment by confession against defendant's real estate (Ill. Rev. Stat. 1975, ch. 77, par. 68a.). Plaintiff appeals.

The basic issue presented is whether the lien of plaintiff's judgment against defendant's real estate was properly released by reason of the discharge of defendant's debt in bankruptcy.

■■ The general rule is that "[a] discharge in bankruptcy, being personal to the bankrupt, does not act as a release of liens or security interests in property owned by him." *Avco Finance Co. v. Erickson* (1971), 132 Ill. App. 2d 868, 870, 270 N.E.2d 111, 112; 9 Am. Jur. 2d *Bankruptcy* §§759, 760 (1963).

> "A discharge, being personal in character, releases the bankrupt's personal liability only. It follows, therefore, that a valid lien on property of the bankrupt existing at the time of the adjudication in bankruptcy, which is not avoided by the Bankruptcy Act, may be enforced notwithstanding the discharge of the bankrupt. So also a judgment evidencing a lien is not affected by a discharge except as to the personal liability it imposes upon the bankrupt." 1A Collier on Bankruptcy par. 17.29 (14th ed. 1978) (footnotes omitted).

> "Strictly speaking, a discharge in bankruptcy is not a satisfaction of a judgment against the bankrupt. Discharge goes only to bar civil remedies for the collection of the judgment as a personal obligation of the debtor * * *. It does not preclude the enforcement of a lien under the judgment which is recognized as valid under state law and is not invalidated by the bankruptcy proceeding." 9 Am. Jur. 2d *Bankruptcy* §753 (1963).

Plaintiff contends these principles are controlling under the facts before us and that its lien was erroneously released by the trial court. Plaintiff does not dispute defendant's contention that the debt upon which the lien is based was properly discharged in bankruptcy but argues that

the discharge of the debt, alone, had no effect on the existing judgment lien which was not invalidated by the bankruptcy proceedings. We agree and reverse.

■ Defendant's contention that because the debt was discharged there is no longer any basis for the continuation of the lien is clearly contrary to the prevailing view to which we have referred and defendant cites no authority to the contrary. Since defendant did not seek to avoid the lien of the judgment in the bankruptcy proceeding as one obtained within four months of the filing of a petition in bankruptcy under section 67(a)(1) of the Bankruptcy Act (11 U.S.C. §107 (1976); *James Talcott, Inc. v. Roto American Corp.* (1973), 123 N.J. Super. 183, 197-99, 302 A.2d 147, 154-55), we need not here consider that issue.

For the reasons discussed the judgment of the trial court is reversed and the cause is remanded with directions that plaintiff's lien be reinstated.

Reversed and remanded with directions.

RECHENMACHER and WOODWARD, JJ., concur.