J. D. COURT, INC., Plaintiff-Appellee, *v.* INVESTORS UNLIMITED, INC., Defendant-Appellant.

Fourth District   No. 15630

Opinion filed February 14, 1980.

Heyl, Royster, Voelker & Allen, of Springfield (Gary M. Peploe and Paul Bown, of counsel), for appellant.

Duane D. Young, of Young Law Offices, P. C., of Springfield, for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

This appeal presents questions and problems arising out of a proceeding seldom seen in recent times and considered by many practitioners to be somewhat of an antique curiosity, namely, a writ of *scire facias.*

On March 3, 1971, Mervin Beil obtained a judgment by confession in cause #71-SC-524 against Investors Unlimited, Inc., in the circuit court of Sangamon County. By assignment, the judgment is now the property of the plaintiff in this cause. The defendant here is Financial Security Life Corporation through a series of corporate mergers and successions. No questions are raised concerning the identity or standing of the parties.

On April 2, 1971, one month following the entry of the judgment, Investors Unlimited, the then judgment debtor, filed a motion to vacate and set aside the judgment. This motion was set for hearing by the trial court on March 28, 1973, but so far as the record reveals, no such hearing was ever held.

The next entry on the docket reads, "Cause stricken." It is affixed by a rubber stamp and the date is illegible. The next and final entry on this docket was made November 21, 1978, and concerns a substitution of parties.

On the same day, November 21, 1978, the present plaintiff as assignee, filed in cause #716-78 a praecipe for a writ of *scire facias* for revivor of the judgment, accompanied by the requisite affidavit. The present defendant, as successor to the original defendant, was served with the writ, appeared and filed a motion to quash. After elaborate briefings on the law were made and presented, the trial court denied the motion and entered a judgment of revivor. This appeal ensued. We affirm with directions.

The principal thrust of the motion to quash was two-fold: (1) the trial court was without jurisdiction to enter the judgment since the warrant of attorney in the note had never been specifically authorized by the corporate defendant; and (2) there existed an outstanding motion to vacate and set aside the judgment. We believe that the first ground is without merit; we further believe that the second ground is factual but is ineffective as a basis for quashing the writ.

■■ The great weight of authority follows this statement from *Bank of Eau Claire v. Reed* (1908), 232 Ill. 238, 240, 83 N.E. 820:

> " 'The only defense in the trial of the *scire facias* on a judgment is a denial of the existence of the judgment or proof of a subsequent satisfaction or discharge thereof.' "

Accord, *Bank of Edwardsville v. Raffaelle* (1942), 381 Ill. 486, 45 N.E.2d 651; *Trustees of Schools v. Chamberlain* (1948), 334 Ill. App. 83, 78 N.E.2d 525.

The consequence, then, is that any defense to the action of *scire facias* for revivor must appear on the face of the record without reference to any matters *aliunde* the record. No such defense, *i.e.*, denial of existence or satisfaction, appears here. The only matters are the affidavits attached to the motion to vacate which allege that the trial court was without jurisdiction, as mentioned above. Since this motion was never heard on its merits, such material cannot be considered in the *scire facias* proceeding itself.

A contention is made that section 55 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 55) has liberalized the former rule. That section reads as follows:

> "Any relief which heretofore might have been obtained by *scire facias* may be had by employing an ordinary civil action."

We are unable to say with certainty the reason for the enactment of this section. In *Smith v. Carlson* (1956), 8 Ill. 2d 74, 77, 132 N.E.2d 513, the supreme court said:

> "We see no reason why there should be any distinction between the two concurrent remedies for the revival of a judgment provided by our statute and we do not believe the legislature intended any such distinction. * * * The legislature apparently regarded a *scire facias* proceeding and the civil action in lieu thereof as concurrent and identical remedies."

We therefore hold that section 55 has created an alternative form to the action, but the substantive matters remain the same. Material *dehors* the record is not admissible in a section 55 action.

We next examine the consequences of revivor. In *Bank of Eau Claire*, the supreme court said:

> "The judgment under a *scire facias* to revive a judgment is not *quod recuperet* for the amount due, but its object is to revive the judgment just as it formerly existed and to reinvest it with the same attributes and conditions which originally belonged to it." 232 Ill. 238, 241, 83 N.E. 820.

In *Bank of Edwardsville*, the supreme court said:

> "The court also held that a proceeding by *scire facias* to revive a judgment is not a new suit but merely the continuation of the old one." (381 Ill. 486, 488, 45 N.E.2d 651.)

These decisions have been cited and followed in numerous appellate court cases.

The effect, then, of the order of revival was to place the judgment in the same status "with the same attributes and conditions" (*Bank of Eau*

*Claire*) as it possessed in March 1973, subject only to the "cause stricken" entry whose date is uncertain.

Concerning this entry, its nature and origin are altogether unclear. We are aware of local rules in most circuits which provide in substance for involuntary dismissal for want of prosecution after a lapse of time, and such an order has been held to be final and appealable; and further, that the trial court loses jurisdiction 30 days after the entry of such an order. (See *Athletic Association v. Crawford* (1963), 43 Ill. App. 2d 52, 192 N.E.2d 556.) However, in that case the order was elaborate and was shown on its face to be the court's own order. In the case at bar, there is no such showing, and the entry could well have been made by a deputy clerk in transferring the file to an inactive drawer. Since the origin of the order is so ambiguous, we decline to bring it within the rule of *Athletic Association.*

■■■ There is a more compelling reason, however, for disregarding the entry. We have already noted that the *scire facias* proceeding is a continuation of the former one. (*Bank of Edwardsville.*) By making a general appearance with its motion to quash, the defendant cured any problem of jurisdiction. In *Craven v. Craven* (1950), 407 Ill. 252, 255, 93 N.E.2d 489, the supreme court said:

> "It is well established that where a court having general jurisdiction over the subject matter loses jurisdiction of a particular case as the result of the expiration of thirty days (or the term) following the entry of a judgment or decree dismissing the action, and where a motion to vacate is pending, the parties may, by appearing voluntarily and participating in further proceedings, revest the court with jurisdiction over their persons and the subject matter of the action. [Citations.]"

Unlike modern civil actions where a motion to quash tests the jurisdiction of the court, such a motion addressed to the common law writs (*e.g., scire facias, certiorari,* etc.) still extant in Illinois law serves the same purpose as an answer in the civil action, *i.e.,* joining the issues.

■■ The defendant participated throughout the *scire facias* proceeding and thus cannot be heard to complain of any lack of jurisdiction. Even if the "cause stricken" entry be not a nullity, at least it is irrelevant.

■■ We hold that the judgment stands subject to the motion to vacate. This motion was apparently filed under Supreme Court Rule 276 (Ill. Rev. Stat. 1977, ch. 110A, par. 276). That rule sets forth a two-step process: (1) If the motion and affidavit disclose a *prima facie* defense on the merits, the court shall set the motion for hearing; and (2) if on hearing the motion, the court finds that (a) the defendant does have a defense, and (b) that he has been diligent in presenting the motion, the court shall then open up the judgment and proceed to trial.

■■ As mentioned above, the record here discloses that a motion to vacate was presented within a month of the judgment and the court set the motion for hearing. We therefore conclude that the trial court found a *prima facie* defense and we do not quarrel with that finding.

The motion had been standing ready for hearing for over five years at the time the *scire facias* proceeding was commenced, absent the questionable dismissal entry, and while we do not condone such lack of dispatch in processing the work of the courts, we are not aware of any authority which holds that mere lapse of time without more causes a motion to die. The record here is silent as to where blame should be assigned: the plaintiff, the defendant, the trial court—all or any—and in what proportion.

■■ We note further, in passing, that Rule 276 speaks of diligence in "presenting" the motion; it says nothing concerning the prosecution of the motion. In any event, that is a matter to be resolved by the trial court on hearing.

The trial court was correct in entering the order of revivor, and its action in so doing is affirmed.

Affirmed.

TRAPP and GREEN, JJ., concur.