FARMERS STATE BANK OF SHERRARD, Plaintiff-Appellee, v. KENNETH J. HANSEN *et al.*, Defendants-Appellants.

Third District   No. 3—89—0345

Opinion filed March 27, 1990.

Winstein, Kavensky, Wallace & Doughty, of Rock Island (Franklin S. Wallace, of counsel), for appellants.

Snyder & Schwarz, P.C., of Rock Island (Candy K. Pastrnak, of counsel), for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

On May 10, 1989, the circuit court of Mercer County entered an order allowing the revival of a judgment lien against the defendants, Kenneth J. Hansen and Nancy C. Hansen. The defendants appeal that order.

The plaintiff, Farmers State Bank of Sherrard, filed suit against the defendants on May 10, 1982. The suit was by confession on a judgment note, and judgment was entered on May 10, 1982, in favor of the plaintiff for the amount of $48,672.72. After the judgment was obtained against the defendants, the defendants filed a chapter 7 proceeding in bankruptcy. The bankruptcy proceedings were closed as of September 2, 1986, with legal ownership of all real estate previously held by the defendants/debtors, having been abandoned by the bankruptcy trustee, reverting back to the defendants/debtors' ownership subject to existing liens. Ultimately, Farmers State Bank of Sherrard assigned all of its interest in the May 10, 1982, judgment lien to Frye Lake Association, Inc. (hereinafter Frye Lake), which was recorded on February 8, 1989. On March 9, 1989, Frye Lake filed a petition to revive the judgment lien. The defendants filed a motion to dismiss, asserting that their March 5, 1984, discharge in bankruptcy precluded revival. Following a hearing on April 27, 1989, the trial court entered an oral ruling holding that the judgment lien would be revived *in rem*, subject to the limitation that it would only be enforceable against real estate owned by the defendants at the time of bankruptcy. The trial court then entered its written order on May 10, 1989.

On appeal, the defendants contend that the trial court erred in reviving the judgment lien since they have been discharged in bankruptcy and because the judgment lien was no longer valid. We find the defendants' arguments meritless and accordingly affirm.

Two statutory provisions are relevant to this dispute. Section

12—101 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 12—101) provides:

> "A Judgment is not a lien on real estate for longer than 7 years from the time it is entered or reviewed."

Section 12—108 (Ill. Rev. Stat. 1987, ch. 110, par. 12—108) provides:

> "[N]o Judgment shall be enforced after the expiration of 7 years from the time the same is rendered, *except upon the revival of the same* * * *." (Emphasis added.)

In the instant case judgment was originally entered against the defendants on May 10, 1982. Subsequently, the trial court entered its order reviving the judgment lien on May 10, 1989. Thus, pursuant to section 12—108, the judgment lien was revived within seven years and was valid.

Additionally, a discharge in bankruptcy, being personal to the bankrupt, does not act as a release of liens or security interests in property owned by him. (*Rochelle State Bank v. Gavic* (1979), 70 Ill. App. 3d 42.) Thus, a valid, prefiled lien is not extinguished by the discharge of debtors. Furthermore, a revival of a judgment is not the creation of a new judgment, but merely a continuation of the judgment revived. (*J.D. Court, Inc. v. Investors Unlimited, Inc.* (1980), 81 Ill. App. 3d 131.) Consequently, contrary to the defendants' assertion, a new judgment is not required to effectuate the revival of a lien. Therefore, the trial court order reviving the judgment lien in favor of Frye Lake was correct.

For all the foregoing reasons, the judgment of the circuit court of Mercer County is affirmed.

Affirmed.

SCOTT and WOMBACHER, JJ., concur.