## In re Thomas Arthur CLARK and Sandra Clark, Debtor.

### No. 04 B 37637.

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Signed July 3, 2014.

---

Christy R. Black, Ledford & Wu, Chicago, IL, for Debtors.

Clay Mosberg, Naperville, IL, for Dryades Savings Bank.

### OPINION ALLOWING DEBTORS TO REOPEN CASE AND AVOID LIEN OF DRYADES SAVINGS BANK, FSB

JACK B. SCHMETTERER,
Bankruptcy Judge.

The Debtors, Thomas Arthur Clark and Sandra (the "Debtors") have presented their Motion to Avoid the Lien of Dryades

Savings Bank, FSB (the "Bank" or "Creditor"). Following argument the following appear to be the undisputed facts:

The Debtors filed for relief under Chapter 13 of the United States Bankruptcy Code (the "Code") on October 8, 2004. The Debtors' Plan was confirmed on December 15, 2004. Debtors were granted a discharge on December 9, 2009, and the Clerk then closed the case.

Debtors are the owners of their residence located at 1232 S. 18th Ave, Maywood, IL, 60153 (the "property"). The property was scheduled by Debtors as worth $125,000.00 and encumbered by a mortgage of $118,350.00.

The Debtors were when this case was filed each entitled to a homestead exemption of $15,000.00 pursuant to 735 ILCS 5/12–901.

Prior to filing of this bankruptcy case, the Creditor obtained a judgment against Debtors for $17,758.38 plus costs, and recorded this judgment on August 27, 2004. Recording of that judgment fixed a lien on the Debtors' homestead by operation of 735 ILCS 5/12–101. However, Creditor filed two separate unsecured claims in this bankruptcy case both on December 10, 2004. Those Creditor claims were each filed before confirmation of the Chapter 13 Plan in this case. Creditor never objected to confirmation of the confirmed Plan, which treated those claims as unsecured.

Pursuant to 11 U.S.C. 522(f)(1), a debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A), a judicial lien, other than a judicial lien that secures a debt—

(i) to a spouse, former spouse, or child of the debtor, for alimony to, main-

tenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement; and

(ii) to the extent that such debt—

(I) is not assigned to another entity, voluntarily, by operation of law, or otherwise; and

(II) includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

Under 11 U.S.C. sec. 522(f)(2)(A), the judicial lien in favor of this Creditor clearly impairs an exemption to which the Debtor(s) would have been entitled.

Avoiding the judicial lien held by the Bank is asserted to be necessary for the Debtors' fresh start.

### DISCUSSION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1334 and this is a "core proceeding" under 28 U.S.C. 157.

### A. The Motion to Reopen

 Section 350(b) gives this Court broad discretion to reopen this case to accord relief to the Debtors. Section 350(b) imposes no time limitations period on a motion to reopen.

Avoiding a lien is a common reason to reopen a bankruptcy case. E.g., *In Re OORC Leasing, LLC,* 359 B.R. 227, 231–32 (Bankr.N.D.Ind.2007) (collecting cases).

 Reopening the case is a purely ministerial task that does not supply any inde-

pendent relief to the movant. *In re Menk,* 241 B.R. 896, 914 (9th Cir. BAP 1999). Given all of the above there is no reason for this Court not to reopen the case.

### B. *The Judgment Lien*

The Debtors' motion to avoid the judgment lien held by the Bank alleges that, as of the petition date, their residence had a value of $125,000. The Bank does not dispute this allegation. The Debtors' motion to avoid the lien alleges that, as of the petition date, their residence was encumbered by a mortgage of $118,350.00. The Bank does not dispute that allegation. The Debtors' motion to avoid the lien alleges that the lien impairs an exemption to which they were otherwise entitled. The Bank does not dispute that allegation.

■ As noted hereinabove, the Bank filed two unsecured claims on which that claimant apparently received some payments after Plan confirmation. It did not object to confirmation. The order confirming the Plan (treating the Bank as unsecured) is *res judicata. See DUK Properties Crystal Lake v. Mutual Life Ins. Co. of New York,* 112 F.3d 257, 258 (7th Cir.1997). Alternatively, the Bank's failure to object to plan confirmation and receipt of benefits under the confirmed Plan judicially estops it now from asserting a secured claim on the same debt. *Cannon–Stokes v. Potter,* 453 F.3d 446 (7th Cir.2006).

■ The Bank offers only one argument in support of its opposition to the Debtors' motion, to wit: that the Debtors waited too long to bring the motion. Section 522(f)(1), like Section 350(b) contains no time limitations period and the Bank's invitation to this Court to create one is without merit.

The Bank relies on *In re Bianucci* for the proposition that the Debtors here wait-

ed too long to bring the instant motion. 4 F.3d 526 (7th Cir.1993). That reliance is misplaced. The Seventh Circuit noted that the leading approach is to grant motions to reopen to avoid liens absent a showing of prejudice to the creditor. *Id.* at 528. The mere passage of time is not sufficient to show prejudice. *Id.* at 528–29. However, the Bank did incur expenses in an attempt to revive its judgment under Illinois law before Debtors brought its present Motion, and that was a prejudice that must be recognized.

However, the Creditor received payments as an unsecured creditor under the Chapter 13 Plan, did not object to the plan, and is judicially estopped, and by *res judicata* from asserting a secured claim now.

### C. *Dryades Savings Bank is not in Violation of the Discharge Injunction*

■ Judgment was entered in the lawsuit that lead to the judgment lien on August 9, 2004, and the judgment lien was recorded on August 27, 2004. Under Illinois law, a "judgment is not a lien on real estate for longer than 7 years from the time it is entered or revived, unless the judgment is revived within 7 years of its entry ... and a new memorandum of judgment is recorded prior to the judgment ... becoming dormant." 735 ILCS 5/12–101.

However, under Illinois state law, an action to revive a judgment lien is in rem rather than in personam. *First Nat. Bank in Toledo v. Adkins,* 272 Ill.App.3d 111, 115, 208 Ill.Dec. 820, 650 N.E.2d 277 (4th Dist.1995). Therefore, an action to revive a lien is not a violation of the discharge injunction because the discharge injunction only operates against actions in personam. § 524(a)(2).

## CONCLUSION

During the argument before the court, the undersigned was inclined to deny Debtors' Motion reasoning that because their long delay in bringing it lead to Creditor's expense in seeking to revive the judgment. However, for reasons stated above it is now seen that Creditor lost its right to assert secured claims much earlier upon Plan confirmation and Creditor's receipt of payments under the Plan.

Therefore, the case will be reopened and the asserted lien of the creditor will be avoided by separate orders.